# ATTACHMENT

# A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) | MISC. NO. ____<br><br>**Filed Under Seal** |

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require T-Mobile, USA, Inc., a cellular service provider, to disclose certain records and other information pertaining to the subscribers, as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1.      T-Mobile, USA, Inc., d/b/a OmniPort Communications, Inc. is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require T-Mobile, USA, Inc. to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating several armed robberies of commercial establishment, which occurred in the Washington, D.C. metropolitan area. The investigation concerns possible violations of, *inter alia*, 18 U.S.C. § 1951.



[REDACTED]

8.    During the course of the investigation, law enforcement has discovered that several of the telephones stolen during the robberies have been activated on or around the days of the robberies.   The phones that have been activated are as follows :



---

[1] By referring to these robbers as S-3 and S-4, your affiant is not alleging or expressing an opinion that these robbers are different from, or unrelated to, the robbers involved in the robbery on [REDACTED]   These designations are made for clarity purposes.



### REQUEST FOR ORDER

10. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that T-Mobile, USA, Inc. be directed to produce all items described in Part II of Attachment A to the proposed Order.

11. The United States further requests that the Order require T-Mobile, USA, Inc. not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. §

4

2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation, the extent of which is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, threaten, intimidate and endanger witnesses, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers and telephones.

12. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because

their premature disclosure may seriously jeopardize the investigation and endanger witnesses and

law enforcement officers.

<div style="margin-left: 40%">

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney

By: _____/s/_____
GEORGE ELIOPOULOS
Assistant United States Attorney
DC Bar 390-601
555 4th Street, N.W., Room 4229
Washington, D.C. 20001
(202) 252-6957
george.p.eliopoulos@usdoj.gov

</div>

## ATTACHMENT A

**I.       The Account(s)**

The Order applies to certain records and information associated with the following telephone numbers:



**II.      Records and Other Information to Be Disclosed**

T-Mobile, USA, Inc. is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period January 01, 2016 through the date of this request:

A.       The following information about the customers or subscribers of the Account:

1.       Names (including subscriber names, user names, and screen names);
2.       Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
3.       Local and long distance telephone connection records;
4.       Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
5.       Length of service (including start date) and types of service utilized;
6.       Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International

Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. All records and other information (not including the contents of communications) relating to the Account, including:

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

3. All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Account.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) ) | MISC. NO. ____ <br><br> **Filed Under Seal** |

ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring T-Mobile, USA, Inc., d/b/a OmniPort Communications, Inc., an electronic communications service provider located in Parsippany, New Jersey, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that T-Mobile, USA, Inc. shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that T-Mobile, USA, Inc. shall not disclose the existence of the application of the United States, or the existence of this Order of

the Court, to the subscribers of the account(s) listed in Attachment A, or to any other person, unless and until otherwise authorized to do so by the Court, except that T-Mobile, USA, Inc. may disclose this Order to an attorney for T-Mobile, USA, Inc. for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____
Date

_____
ALAN KAY
United States Magistrate Judge
for the District of Columbia

**FILED**

FEB 2 2 2016

**Clerk, U.S. District and Bankruptcy Courts**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF THE ) | Case: 1:16-mc-00342 |
| UNITED STATES OF AMERICA FOR ) | Assigned To : Kay, Alan |
| AN ORDER PURSUANT TO ) | Assign. Date : 2/19/2016 |
| 18 U.S.C. § 2703(d) ) | Description: Misc. |

<u>Filed Under Seal</u>

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring T-Mobile. USA, Inc., d/b/a OmniPort Communications, Inc., an electronic communications service provider located in Parsippany, New Jersey, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that T-Mobile, USA, Inc. shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that T-Mobile, USA, Inc. shall not disclose the existence of the application of the United States, or the existence of this Order of



the Court, to the subscribers of the account(s) listed in Attachment A, or to any other person, unless and until otherwise authorized to do so by the Court, except that T-Mobile, USA, Inc. may disclose this Order to an attorney for T-Mobile, USA, Inc. for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

2-19-2016
Date

ALAN KAY
United States Magistrate Judge
for the District of Columbia