# ATTACHMENT

# A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

Misc. No. _____

**Filed Under Seal**

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel,

respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C.

§ 2703(d). The proposed Order would require T-Mobile USA, Inc. (hereafter, "T-Mobile"), an

electronic communication service provider and/or a remote computing service which accepts

legal process in Parsippany, New Jersey, to disclose certain records and other information

pertaining to the T-Mobile wireless telecommunications service customer or subscriber account

identified as, cellular number [REDACTED], and subscriber listed as [REDACTED]

(hereafter, "Subject Phone"), for the period of January 1, 2015 to July 13, 2015, as set forth in

Part I of Attachment A. The records and other information to be disclosed are described in Part

II of Attachment A to the proposed Order. In support of this application, the United States

asserts:

## LEGAL BACKGROUND

1.      T-Mobile is a provider of an electronic communication service, as defined in 18

U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

Accordingly, the United States may use a court order issued under section 2703(d) to require T-

Mobile to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2)

(Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that "has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3. A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating a scheme involving the use of stolen identities to obtain fraudulent tax refunds. In this scheme, unauthorized individuals stole genuine taxpayers' identities and filed false tax returns, which caused the IRS to issue fraudulent refunds. The perpetrators directed some those refunds to various locations in the United States using  Certain of those refunds ultimately were deposited in bank accounts which had been opened in the names of individuals from countries. In order to gain access to the fraudulent tax refunds and other stolen deposits in the bank accounts, the money was withdrawn at multiple Automated Teller Machines (ATMs) in and elsewhere. The investigation concerns possible violations of, *inter alia*, 18 U.S.C. § 286 (Conspiracy to

Submit False Claims); 18 U.S.C. § 287 (False Claims); 18 U.S.C. § 641 (Theft of Public Money); 18 U.S.C. § 1028 (Fraud in Connection with Identification Information); 18 U.S.C. § 1028A (Aggravated Identity Theft); 18 U.S.C. § 1029 (Unauthorized Use of Access Devices); 18 U.S.C. § 1341 (Mail Fraud); 18 U.S.C. § 1343 (Wire Fraud); 18 U.S.C. § 1344 (Bank Fraud); 18 U.S.C. § 371 (conspiracy to commit the above-referenced offenses and to defraud the United States); and 42 U.S.C. § 408(a)(7)(B) (false representation of a social security account number) (collectively, the "Subject Offenses").



7.      Bank account opening documents and other records, security camera footage, and surveillance by law enforcement agents have shown that Kovalenko is responsible for using false identities to open bank accounts into which fraudulent tax refunds were deposited and conducting transactions with those bank accounts.  Several of those false identities are former

8.      Similarly, bank records and security camera footage have shown that ▮▮▮▮▮ has conducted transactions with accounts in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Those accounts have similarly held fraudulently-obtained funds.

3



10. T-Mobile records for the Subject Phone list the subscriber as ████████

████ from 2011 to July 13, 2015. ████████████████████████████

████████ Agents have reason to believe that ████████████████████████

██ in the application process. The birthdate for the subscriber is listed as "████████," while

████████ birthdate is ████████████ The Subject Phone was in contact with ████████

phone nearly 300 times in 2015, including on the date of the activity in ████████ name in

████████████ on February 11, 2015. Investigators thus believe that the Subject Phone was

4

in use by ███████ or by another close associate of ████████████████ for the period it was registered to █████████████████

11.     For these reasons, Investigators believe that the user of the Subject Phone is working closely with a co-conspirator involved in the stolen identity tax refund fraud scheme under investigation.  The information described in Attachment B would assist in confirming or establishing the true identity and whereabouts of the user of the Subject Phone, including whether the Subject Phone was present in ████████████████ on the date of the account activity in ███████ name.

## REQUEST FOR ORDER

12.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities.  Accordingly, the United States requests that T-Mobile be directed to produce all items described in Part II of Attachment A to the proposed Order.

### Request for Non-Disclosure Order

13.     The United States further requests that the Order require T-Mobile not to notify any person, including the subscriber or customer of the account listed in Part I of Attachment A, of the existence of the Order for a period of 180 days or until further order of the Court.  The Stored Communications Act ("SCA"), Title 18, United States Code, Sections 2701-2712, expressly authorizes the government to seek a court order directing the provider not to notify any other person of the existence of the Order directed to it.  Section 2705(b) provides in pertinent

part:

> A governmental entity acting under section 2703, when it is not required to notify the subscriber or customer under section 2703(b)(1), . . . may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—
>
> > (1) endangering the life or physical safety of an individual;
> > (2) flight from prosecution;
> > (3) destruction of or tampering with evidence;
> > (4) intimidation of potential witnesses; or
> > (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial.

14. In this Application, the United States is acting under subsections 2703(c) and (d). Accordingly, the government is not required to provide notice to a subscriber or customer of the Application or the Order. 18 U.S.C. § 2703(c)(3). This Court is therefore authorized to issue a non-disclosure Order to T-Mobile pursuant to section 2705(b). Such a non-disclosure Order is appropriate in this matter because the requested 2703(d) Order relates to an ongoing, large-scale, international criminal investigation that is neither public nor known to the target(s) of the investigation, and its disclosure may alert the target(s) to the ongoing investigation. There is reason to believe that notification of the 2703(d) Order would seriously jeopardize the investigation, including by giving the target(s) an opportunity to flee from prosecution; destroy or tamper with evidence; and/or intimidate witnesses. *See* 18 U.S.C. § 2705(b)(2) - (5).

Request for Sealing Order

15. In this matter, the government also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the 2703(d) Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More

particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Application and order. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). Because of the potential jeopardy to the present investigation that would result from disclosure of the Application and order, there exists a compelling governmental interest in confidentiality to justify the government's sealing request. *See Robinson*, 935 F.2d at 287-89.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney

John P. Marston
D.C. Bar #493012
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20001
(202) 252-6886
John.Marston@usdoj.gov

**FILED**

MAR - 3 2016

U.S. District & Bankruptcy
for the District of Columbia

UNITED STATES DI:
FOR THE DISTRICT

Case: 1:16-mc-00422
Assigned To : Harvey, G. Michael
Assign. Date : 3/2/2016
Description: Misc.

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

M.

**Under Seal**

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d),

requesting that the Court issue an Order requiring T-Mobile USA, Inc. (hereafter, "T-Mobile"),

an electronic communication service provider and/or a remote computing service which accepts

legal process in Parsippany, New Jersey, to disclose the records and other information described

in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing

that there are reasonable grounds to believe that the records or other information sought are

relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of

this Order will seriously jeopardize the ongoing investigation, including by giving targets an

opportunity to flee from prosecution; destroy or tamper with evidence; and intimidate witnesses.

*See* 18 U.S.C. § 2705(b)(2) - (5).  The Court further finds that the government has established

that a compelling governmental interest exists to justify sealing the government's Application

and this Order.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that T-Mobile shall,

within ten days of the date of this Order, disclose to the United States the records and other

information described in Attachment A to this Order.



IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that T-Mobile shall not disclose the existence of the Application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for a period of 180 days or until otherwise authorized to do so by the Court, except that T-Mobile may disclose this Order to an attorney for T-Mobile for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

UNITED STATES MAGISTRATE JUDGE

3\3\16
Date

2

**ATTACHMENT A**

**I.      The Account(s)**

The Order applies to certain records and information associated with a customer or subscriber account of a wireless telecommunications service provided by T-Mobile USA, Inc. (hereafter, "T-Mobile"), an electronic communication service provider and/or a remote computing service which accepts legal process in Parsippany, New Jersey. The T-Mobile account is identified as cellular number ███████████ and subscriber, Husein None Music ("the Account").

**II.      Records and Other Information to Be Disclosed**

T-Mobile is required to disclose the following records and other information, if available, to the United States for the Account listed in Part I of this Attachment, for the time period from January 1, 2015 to July 13, 2015:

**A.      Information about the customer(s) or subscriber(s) of the Account**

1.      Names (including subscriber names, user names, and screen names);

2.      Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3.      Local and long distance telephone connection records;

4.      Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.      Length of service (including start date) and types of service utilized;

6.      Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account (except the contents of communications), including:**

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header information;

3. Records of complaints, alerts, fraud, or violations of terms of service relating to the customer or subscriber of the Account (but not including any confidential communications with legal counsel); and

4. All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Account.

## <u>CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS</u>
## <u>PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)</u>

I, _____, do hereby attest, under penalties of perjury under

the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this declaration is true and correct. I am employed by **T-MOBILE USA, INC.**, and

my official title is _____. I am a custodian of records for **T-**

**MOBILE USA, INC.** I state that each of the records attached hereto is the original record or a

true duplicate of the original record in the custody of **T-MOBILE USA, INC.**, and that I am the

custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state

that:

    a.    All records attached to this certificate were made at or near the time of the

occurrence of the matter set forth, by, or from information transmitted by, a person with

knowledge of those matters;

    b.    Such records were kept in the ordinary course of a regularly conducted business

activity of **T-MOBILE USA, INC.**; and

    c.    Such records were made by **T-MOBILE USA, INC.** as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal

Rules of Evidence.

| | |
|---|---|
| Date | Signature |