Case 1:24-sc-09999-UNA    Document 3-1    Filed 01/17/24    Page 1 of 17
# ATTACHMENT

# A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
                                        )
IN RE APPLICATION OF THE                )
UNITED STATES OF AMERICA FOR            )        MISC. NO. ____
AN ORDER PURSUANT TO                    )
18 U.S.C. § 2703(d)                     )        **Filed Under Seal**
                                        )
_____)


APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel,

respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C.

§ 2703(d).  The proposed Order would require Google Inc., ("Google"), an Internet service

provider located in Mountain View, California, to disclose certain records and other information

pertaining to the email account ████████████████ as described in Part I of Attachment

A.  The records and other information to be disclosed are described in Part II of Attachment A to

the proposed Order.  In support of this application, the United States asserts:

LEGAL BACKGROUND

1.      Google is a provider of an electronic communications service, as defined in 18

U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

Accordingly, the United States may use a court order issued under § 2703(d) to require Google

to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A

of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      This Court has jurisdiction to issue the proposed Order because it is "a court of

competent jurisdiction," as defined in 18 U.S.C. § 2711.  *See* 18 U.S.C. § 2703(d).  Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being

investigated.  *See* 18 U.S.C. § 2711(3)(A)(i).

3.      A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

THE RELEVANT FACTS

4.      The Federal Bureau of Investigation ("FBI") is investigating ███████████ ████ for possible trade embargo violations, possible money laundering offenses, in violation of 18 U.S.C. § 1956, and for operating an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960.  The Iranian Transactions and Sanctions Regulations ("ITSR") regulate the movement of funds into and out of Iran.  Specifically, 31 CFR § 560.550 governs noncommercial, personal remittances to or from Iran.  This section authorizes limited money transfers:

> In cases in which the transfer involves a noncommercial, personal remittance, the transfer of funds to or from Iran or for or on behalf of an individual ordinarily resident in Iran . . . is authorized, provided that the transfer is processed by a United States depository institution or a United States registered broker or dealer in securities and not by any other U.S. person; does not involve debiting or crediting an Iranian account; and is not by, to, or through the Government of Iran, as defined in § 560.304.

███████████████████████████████████████████████████



9. Pursuant to the ITSR, ▮▮▮▮ would have to be a licensed depository institution, such as a federally chartered bank, or a registered securities broker/dealer to move U.S. dollars into and out of Iran. ▮▮▮▮ s neither; therefore, his business is in violation of the ITSR and the money laundering statute.

10. Based on prior investigations, I know that criminal co-conspirators communicate frequently through private messages and email about their legitimate and illegitimate businesses, as well as the transfer of proceeds from such businesses. Private messages and email offer a uniquely valuable form for such communication, as they can be accessed from any location. Many such persons also believe that such messages are difficult to trace, which leads them to have inculpatory conversations.

11. Moreover, persons operating international money laundering and remittance operations typically have to communicate via email with persons involved in their operations because they are usually great distances apart and because of the time differences involved, as well as limited phone access in certain regions of the world. When transferring funds to co-conspirators, electronic communications will normally occur to inform the other party that the money has been sent, followed up by communications that the money has been received. I also know from prior investigations that subordinates in the management chain must communicate to their superiors the status of their illegal tasks, as well as receive new illegal tasks.

12. The header information of these communications can reveal the scope of the contacts between the money launders and who the important co-conspirators are. Multiple individuals and companies associated with the targets of this investigation have taken steps to

obscure or anonymize their identities.  Learning the header information from associated email account is likely to reveal persons within this network, as well as further identify any other users of the email account.

REQUEST FOR ORDER

13.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help the United States to determine ███████ involvement in any trade embargo violations, as well as his involvement in possible money laundering and for acting as an unlicensed money transmitting business.  Accordingly, the United States requests that Google be directed to produce all items described in Part II of Attachment A to the proposed Order.

14.     The United States further requests that the Order require the Provider not to notify any person, including the subscriber or customer of the account listed in Part I of Attachment A, of the existence of the Order for a period of 180 days or until further order of the Court.  The Stored Communications Act ("SCA"), Title 18, United States Code, Sections 2701-2712, expressly authorizes the government to seek a court order directing the provider not to notify any other person of the existence of the Order directed to it.  Section 2705(b) provides in pertinent part:

> A governmental entity acting under section 2703, when it is not required to notify the subscriber or customer under section 2703(b)(1), . . . may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—
>> (1)     endangering the life or physical safety of an individual;

(2)    flight from prosecution;

(3)    destruction of or tampering with evidence;

(4)    intimidation of potential witnesses; or

(5)    otherwise seriously jeopardizing an investigation or unduly delaying a trial.

15.    In this Application, the United States is acting under subsections 2703(c) and (d). Accordingly, the government is not required to provide notice to a subscriber or customer of the Application or the Order.  18 U.S.C. § 2703(c)(3).  This Court is therefore authorized to issue a non-disclosure Order to the Provider pursuant to section 2705(b).  In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is not public, and its disclosure may alert the targets to the ongoing investigation and the government's efforts to locate and arrest them.  Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates.  *See* 18 U.S.C. § 2705(b)(2), (3), (5).  Some of the evidence in this investigation is stored electronically.  If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

16.    The government is seeking records of the target account from the inception of the account through the present date.  The target account appears to be the official business account for a business that is involved in possible money laundering, unlicensed money remitting, and sanction violating offenses.  As such, all email relating to said business are relevant and material to the ongoing investigation.  Primarily, records within that date range may allow law enforcement to better determine the identity of the account holder.  Such records may also be relevant and material to the investigation by providing information about the user's long-term

patterns of communications and relationships with other persons, including potential co-conspirators/customers who use the illicit business.

REQUEST FOR SEALING ORDER

17.     The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court.  The Court has the inherent power to seal court filings when appropriate, including the 2703(d) Order.  *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).  More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Application and Order.  *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).  Because of the potential jeopardy to the present investigation that would result from disclosure of the Application and order, there exists a compelling governmental interest in confidentiality to justify the government's sealing request.  *See Robinson*, 935 F.2d at 287-89.

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY


By:  _____/s/_____

Zia M. Faruqui, D.C. Bar No. 494990
Assistant United States Attorney
Andrea G. Duvall
Special Assistant United States Attorney
555 Fourth Street, N.W., Room 4806
Washington, D.C. 20530
(202) 252-7117
(202) 252-7811
zia.faruqui@usdoj.gov
andrea.duvall2@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) | MISC. NO. _____<br><br>**<u>Filed Under Seal</u>** |

<u>ORDER</u>

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google Inc., ("Google"), an electronic communications services provider and/or a remote computing service located in Mountain View, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Google shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for a period of

180 days, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____

DATE

_____

G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

**ATTACHMENT A**

I.          **The Account(s)**

The Order applies to certain records and information associated with the following email

**account:** ███████████████████

II.          **Records and Other Information to Be Disclosed**

Google is required to disclose the following records and other information, if available, to the

United States for the account or identifier listed in Part I of this Attachment ("Account"), for the time

period inception of the account to present:

A.          The following information about the customers or subscribers of the Account:

1.          Names (including subscriber names, user names, and screen names);

2.          Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3.          Local and long distance telephone connection records;

4.          Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.          Length of service (including start date) and types of service utilized;

6.          Telephone or instrument numbers (including MAC addresses);

7.          Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8.          Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.          All records and other information (not including the contents of communications) relating to the Account, including:

1.          Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2.          Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

3.          Forwarding e-mail address(s) for the Account

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of

the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this

declaration is true and correct.  I am employed by Google, and my official title is

_____.  I am a custodian of records for Google.  I state that each of the

records attached hereto is the original record or a true duplicate of the original record in the custody of

Google, and that I am the custodian of the attached records consisting of _____

(pages/CDs/kilobytes). I further state that:

      a.     all records attached to this certificate were made at or near the time of the occurrence of

the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

      b.     such records were kept in the ordinary course of a regularly conducted business activity

of [Google]; and

      c.     such records were made by Google as a regular practice.

     I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of

Evidence.


_____    _____

Date                         Signature



**FILED**

JUL - 6 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____ )
)
IN RE APPLICATION OF THE            )
UNITED STATES OF AMERICA FOR        )
AN ORDER PURSUANT TO                )
18 U.S.C. § 2703(d)                 )
                                    )
_____ )

Case: 1:16-mc-01410
Assigned To : Robinson, Deborah A.
Assign. Date : 7/6/2016
Description: Misc.

**Filed Under Seal**

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google Inc., ("Google"), an electronic communications services provider and/or a remote computing service located in Mountain View, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Google shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for a period of



180 days, except that Google may disclose this Order to an attorney for Google for the purpose

of receiving legal advice.

    IT IS FURTHER ORDERED that the application and this Order are sealed until

otherwise ordered by the Court.

July 6, 2016

DATE

G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Deborah A. Robinson
United States Magistrate Judge

## ATTACHMENT A

### I. The Account(s)

The Order applies to certain records and information associated with the following email account ███████████████████

### II. Records and Other Information to Be Disclosed

Google is required to disclose the following records and other information, if available, to the United States for the account or identifier listed in Part I of this Attachment ("Account"), for the time period inception of the account to present:

A. The following information about the customers or subscribers of the Account:

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses);

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. All records and other information (not including the contents of communications) relating to the Account, including:

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

3. Forwarding e-mail address(s) for the Account

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of

the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this

declaration is true and correct. I am employed by Google, and my official title is

_____. I am a custodian of records for Google. I state that each of the

records attached hereto is the original record or a true duplicate of the original record in the custody of

Google, and that I am the custodian of the attached records consisting of _____

(pages/CDs/kilobytes). I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of

the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.    such records were kept in the ordinary course of a regularly conducted business activity

of [Google]; and

    c.    such records were made by Google as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of

Evidence.

_____      _____

Date               Signature