# ATTACHMENT

# A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

———————————————————  )
                                        )
IN RE APPLICATION OF THE                )
UNITED STATES OF AMERICA FOR            )      MISC. NO.
AN ORDER PURSUANT TO                    )
18 U.S.C. § 2703(d)                     )      **Filed Under Seal**
                                        )
———————————————————)

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel,

respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C.

§ 2703(d).  The proposed Order would require Google Inc. ("Google"), an electronic

communication services provider located in Mountain View, California, to disclose certain

records and other information pertaining to the email accounts:

█████████████████████████████████████████

described in Part I of Attachment A to the proposed Order.  The records and other information to

be disclosed are described in Part II of Attachment A to the proposed Order.  In support of this

application, the United States asserts:

**LEGAL BACKGROUND**

1.      Google is a provider of an electronic communications service, as defined in 18

U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

Accordingly, the United States may use a court order issued under § 2703(d) to require Google

to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A

of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.     This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3.     A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4.     The United States is investigating the potential commission of criminal offenses, including possible violations of 18 U.S.C. § 2339B: providing material support or resources to designated foreign terrorist organizations.

5.     In December 2004, the U.S. State Department designated Al-Qaida in Iraq (AQI) as a foreign terrorist organization. AQI is now known as the Islamic State of Iraq and the Levant (ISIL), the Islamic State of Iraq and Sham or Syria (ISIS), as well as the Islamic State (IS).

6.     The FBI is aware that ISIL spreads its message using social media platforms, such as Twitter, Facebook, YouTube and Instagram. The FBI is also aware these types of social media accounts are often linked with email services such as Gmail, Hotmail, and Google. ISIL members and sympathizers are known to use these email services to communicate about their

2

plans and intentions with respect to ISIL, as well as to spread ISIL's propaganda and recruit new members.

7. Investigation has determined that Gmail accounts ███████████████████████████████████████████████████████████ belong to ███████████████████████████████ ████████ The FBI recently learned through legal process that the social media accounts registered with each of the aforementioned Google Inc. accounts were in regular contact in 2015 with known and suspected ISIL members and supporters. The social media accounts registered with each of the aforementioned Google Inc accounts were used to discuss "Dawlah" (note: "Dawlah" is a reference to ISIL), to post pro-Dawlah comments/material, and to communicate with numerous known ISIL supporters located in the U.S and overseas. Additionally, social media accounts registered with the aforementioned Google Inc. accounts contain numerous pro-ISIL photographs, to include photographs of extremist fighters with their index finger raised towards the sky (symbol commonly associated with ISIL fighters), photographs of extremist fighters gathered in front of an ISIL flag, as well as multiple photographs of children handling weapons and/or conducting military training under the ISIL banner.

## REQUEST FOR ORDER

8. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Accordingly, the United States requests that Google be directed to produce all items described in Part II of Attachment A to the proposed Order.

9.      The United States further requests that the Order require Google not to notify any other person of the existence of the Order, including the subscriber or customer of each account identified in Attachment A. *See* 18 U.S.C. § 2705(b). Acting under 18 U.S.C. § 2703(c)(1)-(2), the Government "is not required to provide notice to a subscriber or customer" regarding the proposed Order. *See* 18 U.S.C. § 2703(c)(3). Furthermore, this Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom . . . [the] court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of . . . [the] court order." *See* 18 U.S.C. § 2705(b). Such a "nondisclosure order" must be issued if this Court finds "reason to believe that notification . . . will result in—(1) endangering the life or physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial." *Id.*; *see In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014031422765*, 41 F. Supp. 3d 1, 5 (D.D.C. 2014) ("Once the government makes the required showing under § 2705(b), the court is required to issue the non-disclosure order.").

10.     An order of nondisclosure is necessary because the proposed Order relates to an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation, and its disclosure may alert the target(s) to the ongoing investigation. Once notified, potential target(s) would be prompted to destroy or conceal incriminating evidence, change patterns of behavior to evade future detection, and otherwise attempt to undermine the investigation and avoid prosecution. Accordingly, there is reason to believe that notification of the existence of the proposed Order would seriously jeopardize the investigation, including by

giving potential target(s) an opportunity to endanger a person, flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

11.     In this matter, the Government also requests that the instant Application and the Order be filed under seal.  The Court has the inherent power to seal court filings when appropriate, including the proposed Order.  *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality.  *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).  For the reasons stated above, the Government has a compelling interest in confidentiality to justify sealing the Application and Order.  *See id.*

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar No. 415793

By:     _____

JEFFREY PEARLMAN
Assistant United States Attorney
National Security Section
United States Attorney's Office
555 4th Street NW, 11th Floor
Washington, D.C. 20530
(202) 252-7228
jeffrey.pearlman@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| IN RE APPLICATION OF THE | ) | |
| UNITED STATES OF AMERICA FOR | ) | MISC. NO. _____ |
| AN ORDER PURSUANT TO | ) | |
| 18 U.S.C. § 2703(d) | ) | |
| | ) | **Filed Under Seal** |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d),
requesting that the Court issue an Order requiring Google Inc. ("Google"), an electronic
communications services provider and/or a remote computing service located in Mountain View,
California, to disclose the records and other information described in Attachment A to this Order.
The Court finds that the United States has offered specific and articulable facts showing that
there are reasonable grounds to believe that the records or other information sought are relevant
and material to an ongoing criminal investigation. Furthermore, the Court determines that there
is reason to believe that notification of the existence of this Order will seriously jeopardize the
ongoing investigation, including by giving targets an opportunity to flee or continue flight from
prosecution, destroy or tamper with evidence, change patterns of behavior, or notify
confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall,
within ten days of the date of this Order, disclose to the United States the records and other
information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Google shall not disclose
the existence of the application of the United States, or the existence of this Order of the Court,
to the subscribers of the account listed in Attachment A, or to any other person, for a period of

180 days or until otherwise ordered by the court, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____
UNITED STATES MAGISTRATE JUDGE
DEBORAH A. ROBINSON

_____
Date

CC:   JEFFREY PEARLMAN
       Assistant United States Attorney
       National Security Section
       United States Attorney's Office
       555 4th Street NW, 11th Floor
       Washington, D.C. 20530
       (202) 252-7228
       jeffrey.pearlman@usdoj.gov

2

## ATTACHMENT A

### I. The Account

The Order applies to certain records and information associated with the following email account (s):



### II. Records and Other Information to Be Disclosed

Google is required to disclose the following records and other information, if available, to the United States for the account or identifier listed in Part I of this Attachment ("Account"), for the time period inception of the account to present:

    A.    The following information about the customers or subscribers of the Account:

        1.    Names (including subscriber names, user names, and screen names);

        2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        3.    Local and long distance telephone connection records;

        4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        5.    Length of service (including start date) and types of service utilized;

        6.    Telephone or instrument numbers (including MAC addresses);

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number).

B. All records and other information (not including the contents of communications) relating to the Account, including:

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

3. Forwarding e-mail address(s) for the Account

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Google, and my official title is _____. I am a custodian of records for Google. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Google, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.      all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.      such records were kept in the ordinary course of a regularly conducted business activity of Google and

c.      such records were made by Google as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____          _____
Date                                     Signature

**FILED**

JUL 1 1 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF THE | ) | Case: 1:16-mc-01440 |
| UNITED STATES OF AMERICA FOR | ) | Assigned To : Robinson, Deborah A. |
| AN ORDER PURSUANT TO | ) | Assign. Date : 7/8/2016 |
| 18 U.S.C. § 2703(d) | ) | Description: Misc. |
|  | ) |  |
|  | ) | **Filed Under Seal** |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d),

requesting that the Court issue an Order requiring Google Inc. ("Google"), an electronic

communications services provider and/or a remote computing service located in Mountain View,

California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that

there are reasonable grounds to believe that the records or other information sought are relevant

and material to an ongoing criminal investigation. Furthermore, the Court determines that there

is reason to believe that notification of the existence of this Order will seriously jeopardize the

ongoing investigation, including by giving targets an opportunity to flee or continue flight from

prosecution, destroy or tamper with evidence, change patterns of behavior, or notify

confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall,

within ten days of the date of this Order, disclose to the United States the records and other

information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Google shall not disclose

the existence of the application of the United States, or the existence of this Order of the Court,

to the subscribers of the account listed in Attachment A, or to any other person, for a period of

N

180 days or until otherwise ordered by the court, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____
UNITED STATES MAGISTRATE JUDGE
DEBORAH A. ROBINSON

July 8, 2016
Date

CC:   JEFFREY PEARLMAN
      Assistant United States Attorney
      National Security Section
      United States Attorney's Office
      555 4th Street NW, 11th Floor
      Washington, D.C. 20530
      (202) 252-7228
      jeffrey.pearlman@usdoj.gov

## ATTACHMENT A

**I.     The Account**

The Order applies to certain records and information associated with the following email account (s):



**II.     Records and Other Information to Be Disclosed**

Google is required to disclose the following records and other information, if available, to the United States for the account or identifier listed in Part I of this Attachment ("Account"), for the time period inception of the account to present:

A.     The following information about the customers or subscribers of the Account:

1.     Names (including subscriber names, user names, and screen names);

2.     Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3.     Local and long distance telephone connection records;

4.     Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.     Length of service (including start date) and types of service utilized;

6.     Telephone or instrument numbers (including MAC addresses);

7.       Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8.       Means and source of payment for such service (including any credit card or bank account number).

B.     All records and other information (not including the contents of communications) relating to the Account, including:

1.       Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2.       Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

3.       Forwarding e-mail address(s) for the Account

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct.  I am employed by Google, and my official title is _____.  I am a custodian of records for Google.  I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Google, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.      all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.      such records were kept in the ordinary course of a regularly conducted business activity of Google and

c.      such records were made by Google as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____          _____
Date                                            Signature