# ATTACHMENT

# A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) ) | MISC. NO. **Filed Under Seal** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Yahoo! Inc., ("Yahoo"), an electronic communications service provider and a remote computing service, located at 701 First Avenue, Sunnyvale, California, to disclose certain records and other information pertaining to user account: ▮▮▮▮▮▮▮▮▮ as described in Part I of Attachment A to the proposed order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Yahoo is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Yahoo to disclose the items described in Part II of Attachment A of the proposed Order. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a District Court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

1

3.    A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

<strong><u>THE RELEVANT FACTS</u></strong>

4.    The Federal Bureau of Investigation ("FBI") is investigating three individuals and several corporations for their involvement in suspected money laundering, in violation of 18 U.S.C. § 1956.  On June 11, 2016, the FBI interviewed









## ROLE THAT THE METADATA FOR THE TARGET ACCOUNT WILL SERVE IN ADVANCING THE INVESTIGATION

17.     Based on prior investigations, I know that criminal co-conspirators communicate frequently through private messages and email about their legitimate and illegitimate businesses, as well as the transfer of proceeds from such businesses.  Private messages and email offer a uniquely valuable form for such communication, as they can be accessed from any location. Many such persons also believe that such messages are difficult to trace, which leads them to have inculpatory conversations.

18.     Moreover, persons operating international procurement and money laundering operations typically have to communicate via email with persons funding their operations, due to the time differences involved, as well as limited phone access in certain regions of the world. When transferring funds to co-conspirators, electronic communications will normally occur to inform the other party that the money has been sent, followed up by communications that the money has been received.  I also know from prior investigations that subordinates in the

5

management chain must communicate to their superiors the status of their illegal tasks as well as receive new illegal tasks.

19. Based on these facts, law enforcement believes that the subjects of the investigation would be communicating via email.

20. The header information of these communications can reveal the scope of the contacts between the money launderers and who the important co-conspirators are. Multiple individuals and companies associated with the targets of this investigation have taken steps to obscure or anonymize their identities. Learning the header information from associated email account is likely to reveal persons within this network, including customers possibly in North Korea, as well as further identify any other users of the email account.

21. Learning this information will allow law enforcement to investigate these newly identified persons, and in some instances surveil and interview them. Identifying, surveilling, and interviewing these persons will advance the investigation of the subjects and their co-conspirators, by further revealing the scope of their activities, both legal and illegal.

## **REQUEST FOR ORDER**

22. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A to the proposed Order are relevant and material to an ongoing criminal investigation. Accordingly, the United States requests that Provider be directed to produce all items described in Part II of Attachment A to the proposed Order.

23. The United States further requests that the Order require Provider not to notify any person, including the subscriber or customer of the account listed in Part I of Attachment A to the proposed Order, of the existence of the Order for a period of 365 days or until further order

of the Court. The Stored Communications Act ("SCA"), Title 18, United States Code, Sections

2701-2712, expressly authorizes the government to seek a court order directing the provider not

to notify any other person of the existence of the Order directed to it. Section 2705(b) provides

in pertinent part:

> A governmental entity acting under section 2703, when it is not required to notify
> the subscriber or customer under section 2703(b)(1), . . . may apply to a court for
> an order commanding a provider of electronic communications service or remote
> computing service to whom a warrant, subpoena, or court order is directed, for
> such period as the court deems appropriate, not to notify any other person of the
> existence of the warrant, subpoena, or court order. The court shall enter such an
> order if it determines that there is reason to believe that notification of the
> existence of the warrant, subpoena, or court order will result in—
>
> (1)     endangering the life or physical safety of an individual;
> (2)     flight from prosecution;
> (3)     destruction of or tampering with evidence;
> (4)     intimidation of potential witnesses; or
> (5)     otherwise seriously jeopardizing an investigation or unduly
>         delaying a trial.

24.     In this Application, the United States is acting under subsections 2703(c) and (d).

Accordingly, the government is not required to provide notice to a subscriber or customer of the

Application or the Order. 18 U.S.C. § 2703(c)(3). This Court is therefore authorized to issue a

non-disclosure Order to Provider pursuant to section 2705(b). In this case, such an order would

be appropriate because the requested Order relates to an ongoing criminal investigation that is

not public, and its disclosure may alert the targets to the ongoing continuing investigation and the

government's efforts to locate and arrest them. The government requests non-disclosure for 365

days because the investigation involves complex criminal financial activity, foreign-based

perpetrators, and foreign-based evidence. Accordingly, there is reason to believe that

notification of the existence of the requested Order will seriously jeopardize the investigation,

including by giving targets an opportunity to flee or continue flight from prosecution, destroy or

tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C.

§ 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If

alerted to the investigation, the subjects under investigation could destroy that evidence,

including information saved to their personal computers.

25. The government is seeking records of the target account from the January 1, 2004

through the present date. The target account appears to be directly related to a front company

and individuals that launder funds on behalf of entities in North Korea, as far back as 2004. As

such, all email accounts relating to the purported CEO/owner of the front company are relevant

and material to the ongoing investigation. Primarily, records within that date range may reveal

whether the target account was created as a sham "alias" account or whether it ever corresponded

to real individuals and/or whether the account has ever been hacked or otherwise

misappropriated from its original user by a third party to be used for illegal purposes; in such

cases, learning the header information could provide exculpatory information for the creator of

target account. Such records may also be relevant and material to the investigation by providing

information about the user's long-term patterns of communication and relationships with other

persons, including potential co-conspirators / sanctioned customers in North Korea.

Request for Sealing Order

26. In this matter, the government also requests that the instant Application and the

Order be filed under seal. The Court has the inherent power to seal court filings when

appropriate, including the 2703(d) Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C.

Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More

particularly, the Court may seal the Application and Order to prevent serious jeopardy to an

ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling

8

governmental interest in preserving the confidentiality of the Application and order.  *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).  Because of the potential jeopardy to the present investigation that would result from disclosure of the Application and order, there exists a compelling governmental interest in confidentiality to justify the government's sealing request.  *See Robinson*, 935 F.2d at 287-89.

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

By: _____/s/_____

Zia M. Faruqui, D.C. Bar No. 494990
Assistant United States Attorney
Andrea Duvall, AR Bar No. 2013114
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-7117
zia.faruqui@usdoj.gov
andrea.duvall2@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) | MISC. NO. _____<br><br>**Filed Under Seal** |

ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Yahoo! Inc., ("Provider"), located at 701 First Avenue, Sunnyvale, California, to disclose certain records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Provider shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Provider shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for a period of

1

365 days, except that Provider may disclose this Order to an attorney for Provider for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____

HON. DEBORAH A ROBINSON
UNITED STATES MAGISTRATE JUDGE

_____

Date

2

**ATTACHMENT A**

**I.      The Account**

The Order applies to certain records and other information associated for any Yahoo! Inc. account(s) associated with the following identifier(s), and any accounts linked thereto by recovery email address, telephone number, cookies, or any other unique device or user identifier:

██████████████

**II.     Records and Other Information to Be Disclosed**

Yahoo! Inc. is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), and for any account linked to such account or identifier by recovery email address, telephone number, cookies, or any other unique device or user identifier ("Linked Accounts") for the time period January 1, 2014, to the present:

>   A.      The following information about the customers or subscribers of the Account:
>
>>   1.      Names (including subscriber names, user names, and screen names);
>>   2.      Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
>>   3.      Local and long distance telephone connection records;
>>   4.      Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
>>   5.      Length of service (including start date) and types of service utilized;
>>   6.      Telephone or instrument numbers (including MAC addresses);
>>   7.      Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
>>   8.      Means and source of payment for such service (including any credit card or bank account number) and billing records.

1

B. For the Account(s), but not for Linked Accounts, all records and other information (not including the contents of communications) relating thereto:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

3. Forwarding e-mail address(es) for the Account

2

## <u>CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS<br>PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)</u>

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Yahoo! Inc, and my official title is _____. I am a custodian of records for Yahoo! Inc. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Yahoo! Inc., and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b. such records were kept in the ordinary course of a regularly conducted business activity of Yahoo! Inc; and

c. such records were made by Yahoo! Inc. as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____        _____
Date                             Signature

3

FILED

JUL 1 5 2016

Clerk U S District & Bankruptcy

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR )
AN ORDER PURSUANT TO )
18 U.S.C. § 2703(d) )
)
_____ )

Case: 1:16-mc-01474
Assigned To : Robinson, Deborah A.
Assign. Date : 7/14/2016
Description: Misc.    **UNDER SEAL**

**Filed Under Seal**

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d),

requesting that the Court issue an Order requiring Yahoo! Inc., ("Provider"), located at 701 First

Avenue, Sunnyvale, California, to disclose certain records and other information described in

Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing

that there are reasonable grounds to believe that the records or other information sought are

relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of

this Order will seriously jeopardize the ongoing investigation, including by giving targets an

opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change

patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Provider shall,

within ten days of the date of this Order, disclose to the United States the records and other

information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Provider shall not disclose

the existence of the application of the United States, or the existence of this Order of the Court,

to the subscribers of the account listed in Attachment A, or to any other person, for a period of

1

365 days, except that Provider may disclose this Order to an attorney for Provider for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

HON. DEBORAH A ROBINSON
UNITED STATES MAGISTRATE JUDGE

July 14, 2016
Date

2

## ATTACHMENT A

### I.    The Account

The Order applies to certain records and other information associated for any Yahoo! Inc. account(s) associated with the following identifier(s), and any accounts linked thereto by recovery email address, telephone number, cookies, or any other unique device or user identifier:

- ████████████████████████

### II.    Records and Other Information to Be Disclosed

Yahoo! Inc. is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), and for any account linked to such account or identifier by recovery email address, telephone number, cookies, or any other unique device or user identifier ("Linked Accounts") for the time period January 1, 2014, to the present:

A.    The following information about the customers or subscribers of the Account:

1.    Names (including subscriber names, user names, and screen names);

2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3.    Local and long distance telephone connection records;

4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.    Length of service (including start date) and types of service utilized;

6.    Telephone or instrument numbers (including MAC addresses);

7.    Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

1

B. For the Account(s), but not for Linked Accounts, all records and other information (not including the contents of communications) relating thereto:

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

3. Forwarding e-mail address(es) for the Account

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Yahoo! Inc, and my official title is _____. I am a custodian of records for Yahoo! Inc. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Yahoo! Inc., and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.    such records were kept in the ordinary course of a regularly conducted business activity of Yahoo! Inc; and

    c.    such records were made by Yahoo! Inc. as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____    _____
Date    Signature

3