# ATTACHMENT

# A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Misc. No. _____ <br><br> **Filed Under Seal** |

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google, Inc. ("Google"), an electronic communication service provider and/or a remote computing service located in Mountain View, California, to disclose certain records and other information pertaining to the e-mail accounts ███████████████████████████████████████████████████ as set forth in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1. Google is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under section 2703(d) to require Google to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that "has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3. A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

THE RELEVANT FACTS

Overview

4. The U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") is investigating ███████████████████████████████████████, based in Washington, D.C., and associated individuals and entities in Washington, D.C. and ██████ ██████ for possible violations of 18 U.S.C. § 1956 (laundering of monetary instruments) and 31 U.S.C. § 5324 (structuring transactions to evade reporting requirements).

5. ██████ appears to be in the business of purchasing used vehicles at auction in the United States and exporting the vehicles to locations in ████████████████████████ ██████████████████████ Financial records obtained in this investigation have revealed, however, that ██████ is mostly funded by cash deposits of unknown origin, many of them structured in amounts less than $10,000 and sometimes layered through other individuals' accounts. The use of large volumes of unexplained cash to purchase goods for export is consistent with known patterns of trade-based money laundering.

2

6. Preliminary analysis of one of ███████████ bank accounts, held by an individual named ████████████████████████████████████████████ ██████ shows the following:

  a. ████████ account received more than ████████████ deposits between January 2014 and March 2015. Nearly all of these deposits were under the $10,000 threshold, and many were clustered together on the same day or within a few days of each other in a manner indicative of structuring transactions to evade reporting requirements, in violation of 31 U.S.C. § 5324.

  b. Within this time period, during the nine months between March 2014 and December 2014, the ██████ account also received more than ████████████ deposits from ████████████████████████████████ corresponding to at least ████████ in unexplained cash deposits into ████████ bank account during the same time period. All of these cash deposits were below the $10,000 threshold, including several deposits of amounts between $9,000 and $10,000, which may indicate structuring.

  c. In addition, during the ten months between March 2014 and January 2015, the ██████ account received more than ████████ in check deposits from ██████ individual, ████████████████████ corresponding to at least ████████ in unexplained cash deposits into ██████ bank account during the same time period. All of these cash deposits were below the $10,000 threshold. ████████ bank account was also funded by large checks from ████████████████████████████ ████████████████████████████████████ (Public records list ████████████ ████████████████████████████████████

7.      The same ███ bank account shows several ATM withdrawals on or about April 29, 2014 from locations in ███████ On or about the same day, April 19, 2014, the ███ account received a deposit of ████████████████████████████████████ has no known business in ████ export records show no shipments by ███████████████████

8.      In addition to ██████████████ law enforcement has identified several other individuals and entities that are tied through a network of financial transactions to ████ ██████████████████████████████████████████████ ████ and others.

Target Account 1: ██████████████████

9.      The first target e-mail account, ██████████████████ was registered to ███████████ in or about April 2014.  The e-mail account is associated with a telephone number that ████ also used to open the personal bank account, referenced above, through which ████ contributed more than ██████████████

10.      According to subscriber records, the ██████████████ e-mail account has generally logged in from Internet Protocol ("IP") addresses located in the United States, mostly ███████ However, the e-mail account logged in from an IP address in ██████████ on or about September 23, 2015, and then logged in from IP addresses in █████ more than ██████ from on or about September 23, 2015 through October 19, 2015.  That e-mail account activity corresponds with ATM withdrawals made from █████ bank account in ██████████ and ██████████ in or about early October 2015.  ███████ financial records indicate prior travel to █████ in or about February 2015.  ██████ who operates a ██████████████ has no known legitimate business in ██████████████

---

[1] Law enforcement believes that █████ is connected to a now-defunct entity called ████████████████████████████████, which reportedly exported ████ from

11.     Immediately following the ███████ apparent travel to ██████████████ in or about September and October 2015, the ████████████████ e-mail account exhibited an unusual spike in activity from IP addresses in the United States. In a single day, on or about October 22, 2015, the e-mail account logged in more than ██ times, mostly from IP addresses in ██████.

Target Account 2: ██████████████████

12.     The second target e-mail account, ████████████████ was registered to ██████████ in or about February 2014. The e-mail account was listed in account opening documents for one of ███████████ bank accounts.

13.     According to subscriber records, the █████████████ e-mail account has logged in only intermittently in recent months, from IP addresses in the United States. For example, the account logged in only seven times in November 2015, ███ times in December 2015, and ███ times in January 2016, with significant gaps between login attempts ranging from a few days to more than one month (between November 19, 2015 and December 30, 2015).

14.     However, the ████████████ e-mail account showed a spike of more than ██ logins from on or about September 22, 2015 through October 17, 2015. That time period corresponds with the period of international activity in ███████ e-mail account ████████████ described above.

Target Account 3: ██████████████████

15.     The third target e-mail account, ████████████████ was registered to ██████████ in or about May 2008.



16.     According to subscriber records, the ███████████████ e-mail account, similar to ██████ e-mail account described above ███████████████ has logged in only intermittently in recent months, from IP addresses in the United States.  The account logged in only ████ times during the entire month of December 2015, and four times during January 2016.

17.     Also similar to ██████ e-mail account, however, the ████████████████ e-mail account showed a spike of more than ████████ from on or about September 17, 2015 through October 17, 2015.  That time period corresponds with the period of international activity in ██████ e-mail account ████████████████ described above.

Target Account Records

18.     The individuals associated with the ████ target e-mail accounts are each involved in funding ████████████ activities through large amounts of coordinated, likely structured cash deposits of unknown origin.  In addition, ██████████████████ and ████████ have been tied to financial activity and travel to ████████ although there is no obvious connection between ██████ export activities and ██████ Law enforcement believes that the target e-mail account records may contain information relevant to, *inter alia*, the coordination of financial transactions involving ██████ between ████████████████ and others; the purpose of ██████ travel to ██████ and its connection (if any) to ██████ vehicle export business; and the identification of other co-conspirators involved in the ██████████

19.     For the first two target accounts (████████████████ and ████████████████ the government is seeking records from the date of account inception—April 2014 and February 2014, respectively—through the present.  Those dates fall within the time period of apparent structuring activity and suspicious transactions involving ██████ For the ████ target account (████████████████ the government is seeking

6

records from January 1, 2014 through the present, which covers the time period of the suspicious activity described above.

REQUEST FOR ORDER

20. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate evidence related to the suspected money laundering and structuring violations described above involving ▮▮▮▮▮▮▮▮▮▮▮ and other co-conspirators known and unknown. Accordingly, the United States requests that Google be directed to produce all items described in Part II of Attachment A to the proposed Order.

Request for Non-Disclosure Order

21. The United States further requests that the Order require Google not to notify any person, including the subscribers or customers of the accounts listed in Part I of Attachment A, of the existence of the Order for a period of 180 days or until further order of the Court. The Stored Communications Act ("SCA"), Title 18, United States Code, Sections 2701-2712, expressly authorizes the government to seek a court order directing the provider not to notify any other person of the existence of the Order directed to it. Section 2705(b) provides in pertinent part:

> A governmental entity acting under section 2703, when it is not required to notify the subscriber or customer under section 2703(b)(1), . . . may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—
> (1)     endangering the life or physical safety of an individual;
> (2)     flight from prosecution;

(3)     destruction of or tampering with evidence;

(4)     intimidation of potential witnesses; or

(5)     otherwise seriously jeopardizing an investigation or unduly delaying a trial.

22.     In this Application, the United States is acting under subsections 2703(c) and (d). Accordingly, the government is not required to provide notice to a subscriber or customer of the Application or the Order.  18 U.S.C. § 2703(c)(3).  This Court is therefore authorized to issue a non-disclosure Order to Google pursuant to section 2705(b).  Such a non-disclosure Order is appropriate in this matter because the requested 2703(d) Order relates to an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation, and its disclosure may alert the target(s) to the ongoing investigation.  There is reason to believe that notification of the 2703(d) Order would seriously jeopardize the investigation, including by giving the target(s) an opportunity to flee from prosecution and destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

Request for Sealing Order

23.     In this matter, the government also requests that the instant Application and the Order be filed under seal.  The Court has the inherent power to seal court filings when appropriate, including the 2703(d) Order.  *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).  More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Application and order.  *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).  Because of the potential jeopardy to the present investigation that would result from disclosure of the Application and

8

order, there exists a compelling governmental interest in confidentiality to justify the

government's sealing request. *See Robinson*, 935 F.2d at 287-89.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar No. 415793

By: _____

Christopher B. Brown
D.C. Bar No. 1008763
Assistant U.S. Attorney
United States Attorney's Office
555 4th Street, N.W., Room 4814
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

Misc. No. _____

**Under Seal**

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d),

requesting that the Court issue an Order requiring Google, Inc. ("Google"), an electronic

communication service provider and/or a remote computing service located in Mountain View,

California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing

that there are reasonable grounds to believe that the records or other information sought are

relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of

this Order will seriously jeopardize the ongoing investigation, including by giving targets an

opportunity to flee from prosecution and destroy or tamper with evidence. *See* 18 U.S.C. §

2705(b)(2), (3), (5). The Court further finds that the government has established that a

compelling governmental interest exists to justify sealing the government's Application and this

Order.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall,

within ten days of the date of this Order, disclose to the United States the records and other

information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Google shall not disclose

the existence of the Application of the United States, or the existence of this Order of the Court,

to the subscribers of the account listed in Attachment A, or to any other person, for a period of 180 days or until otherwise authorized to do so by the Court, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

_____
HON. G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

_____
Date

CC:   Christopher B. Brown
      Assistant U.S. Attorney
      United States Attorney's Office
      555 Fourth Street, N.W., Room 4814
      Washington, D.C. 20530
      (202) 252-7153
      Christopher.Brown6@usdoj.gov

**ATTACHMENT A**

**I.      The Account(s)**

The Order applies to certain records and information associated with customer or subscriber accounts of an e-mail service provided by Google, Inc. ("Google"), located in Mountain View, California.  The Google accounts are identified as: ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

**II.      Records and Other Information to Be Disclosed**

Google is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period from either (1) the inception of the account, or (2) January 1, 2014, whichever is later, through the present:

**A.      Information about the customer(s) or subscriber(s) of the Account**

1.      Names (including subscriber names, user names, and screen names);

2.      Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3.      Local and long distance telephone connection records;

4.      Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.      Length of service (including start date) and types of service utilized;

6.      Telephone or instrument numbers (including MAC addresses);

7.      Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8.      Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B.     All records and other information relating to the Account (except the contents of communications), including:**

1.      Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2.      Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination e-mail addresses, IP addresses, and telephone numbers), and any other associated header information; and

3.      Records of complaints, alerts, fraud, or violations of terms of service relating to the customer or subscriber of the Account (but not including any confidential communications with legal counsel).

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Google, Inc. ("Google"), and my official title is _____. I am a custodian of records for Google. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Google, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a. All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b. Such records were kept in the ordinary course of a regularly conducted business activity of Google; and

c. Such records were made by Google as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____        _____
Date                                    Signature

**FILED**

**MAR 3 1 2016**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Case: 1:16-mc-00640<br>Assigned To : Harvey, G. Michael<br>Assign. Date : 3/30/2016<br>Description: Misc. |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google, Inc. ("Google"), an electronic communication service provider and/or a remote computing service located in Mountain View, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution and destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b)(2), (3), (5). The Court further finds that the government has established that a compelling governmental interest exists to justify sealing the government's Application and this Order.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Google shall not disclose the existence of the Application of the United States, or the existence of this Order of the Court,



to the subscribers of the account listed in Attachment A, or to any other person, for a period of 180 days or until otherwise authorized to do so by the Court, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

_____
HON. G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

3/30/16
Date

CC:     Christopher B. Brown
        Assistant U.S. Attorney
        United States Attorney's Office
        555 Fourth Street, N.W., Room 4814
        Washington, D.C. 20530
        (202) 252-7153
        Christopher.Brown6@usdoj.gov

**ATTACHMENT A**

**I.        The Account(s)**

The Order applies to certain records and information associated with customer or subscriber accounts of an e-mail service provided by Google, Inc. ("Google"), located in Mountain View, California.  The Google accounts are identified as: ███████████

███████████

**II.        Records and Other Information to Be Disclosed**

Google is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period from either (1) the inception of the account, or (2) January 1, 2014, whichever is later, through the present:

**A.        Information about the customer(s) or subscriber(s) of the Account**

1.        Names (including subscriber names, user names, and screen names);

2.        Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3.        Local and long distance telephone connection records;

4.        Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.        Length of service (including start date) and types of service utilized;

6.        Telephone or instrument numbers (including MAC addresses);

7.        Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8.        Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B.** **All records and other information relating to the Account (except the contents of communications), including:**

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination e-mail addresses, IP addresses, and telephone numbers), and any other associated header information; and

3. Records of complaints, alerts, fraud, or violations of terms of service relating to the customer or subscriber of the Account (but not including any confidential communications with legal counsel).

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct.  I am employed by Google, Inc. ("Google"), and my official title is _____.  I am a custodian of records for Google. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Google, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a. All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b. Such records were kept in the ordinary course of a regularly conducted business activity of Google; and

c. Such records were made by Google as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____     _____
Date                                              Signature