# ATTACHMENT

# A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)<br><br>E-mail Account: ███████████ | Misc. No. _____<br><br>**Filed Under Seal** |

**APPLICATION OF THE UNITED STATES**
**FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel,

respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C.

§ 2703(d). The proposed Order would require Yahoo! Inc., an electronic communication service

provider and/or a remote computing service located in Sunnyvale, California, to disclose certain

records and other information pertaining to the email service customer or subscriber account

identified as, ███████████████, as set forth in Part I of Attachment A. The records

and other information to be disclosed are described in Part II of Attachment A to the proposed

Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1.      Yahoo! Inc. is a provider of an electronic communication service, as defined in 18

U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

Accordingly, the United States may use a court order issued under section 2703(d) to require

Yahoo! Inc. to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. §

2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      This Court has jurisdiction to issue the proposed Order because it is "a court of

competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that "has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3. A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

THE RELEVANT FACTS

4. The United States is investigating an unknown subject for unlawfully trafficking in firearms, in violation of 18 U.S.C. 922, over the "Dark Web."

5. The Dark Web is part of the World Wide Web, but requires specific software to access. Anyone can obtain this software for free on the internet. Recently, individuals have been using the Dark Web to create websites to sell products ranging from firearms to illegal narcotics. This means that any person, anywhere in the world, can access these websites to purchase illegal goods so long as they have the proper software. Through a quick browse of these Dark Web sites, a person can purchase ███████████████████████

6. Sales on the Dark Web often occur through Bitcoin rather than a traditional currency, such as U.S. dollars. Bitcoin is an electronic fiat currency where individuals can transact directly without an intermediary. Purchasing Bitcoin is fairly simple. For instance, in Washington, D.C., there are Bitcoin ATM's that function similarly to traditional ATMs at banks. One merely needs to go to one of these Bitcoin ATMs, insert money into the machine, and

2

receive a ticket with a series of numbers on it. The person can then go to their computer, type the numbers on the ticket into their Bitcoin "Wallet," and engage in transactions with other individuals online. One of the key benefits of Bitcoin is that it is virtually anonymous.

7.      In the instant case, in late 2015, an individual was arrested in Washington, DC, on an outstanding arrest warrant in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The defendant, through its attorney, contacted our office and asked to debrief. During the debrief, the defendant stated that it had accounts to approximately ▮ Dark Web sites selling everything from ▮▮▮▮ ▮▮▮▮ During the debrief, the defendant turned over access to all of those accounts and signed a consent form allowing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8.      Using the defendant's accounts, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ found an unknown subject with the username "▮▮▮▮▮▮▮▮▮" offering ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Individuals who traffic in illegal goods online often encrypt the messages they send to others using a well-known encryption program called ▮▮▮▮▮▮▮▮▮ To send an encrypted message using ▮▮▮ the sender needs the recipient's ▮▮▮▮▮ The unknown subject using the ▮▮▮▮▮▮▮▮▮ username listed its public key for ▮▮▮▮▮▮▮▮▮▮▮

9.      ▮▮ investigators then used a program called ▮▮▮▮▮▮▮▮" to perform a search of that public key. ▮▮▮▮▮▮▮ allows individuals to search a username to determine if a message recipient has a ▮▮▮▮▮ Oftentimes, the recipient will have an email address listed alongside their public key. When investigators from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for the username "▮▮▮▮▮▮ they found one entry that listed the name ▮▮▮" and the email address

3

███████████████████

10.     The provider for the ██████████████████ email account is Yahoo! Inc.

## REQUEST FOR ORDER

11.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help the United States to identify and locate the individual who is responsible for selling firearms illegally on ███████, and to determine the nature and scope of their activities.  Accordingly, the United States requests that Yahoo Inc. be directed to produce all items described in Part II of Attachment A to the proposed Order.

### Request for Non-Disclosure Order

12.     The United States further requests that the Order require Yahoo! Inc. not to notify any person, including the subscriber or customer of the account listed in Part I of Attachment A, of the existence of the Order for a period of 180 days or until further order of the Court.  The Stored Communications Act ("SCA"), Title 18, United States Code, Sections 2701-2712, expressly authorizes the government to seek a court order directing the provider not to notify any other person of the existence of the Order directed to it.  Section 2705(b) provides in pertinent part:

> A governmental entity acting under section 2703, when it is not required to notify the subscriber or customer under section 2703(b)(1), . . . may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—
> (1)     endangering the life or physical safety of an individual;
> (2)     flight from prosecution;

4

(3)      destruction of or tampering with evidence;

(4)      intimidation of potential witnesses; or

(5)      otherwise seriously jeopardizing an investigation or unduly delaying a trial.

13.     In this Application, the United States is acting under subsections 2703(c) and (d). Accordingly, the government is not required to provide notice to a subscriber or customer of the Application or the Order.  18 U.S.C. § 2703(c)(3).  This Court is therefore authorized to issue a non-disclosure Order to Yahoo! Inc. pursuant to section 2705(b).  Such a non-disclosure Order is appropriate in this matter because the requested 2703(d) Order relates to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and its disclosure may alert the target to the ongoing investigation.  There is reason to believe that notification of the 2703(d) Order would seriously jeopardize the investigation, including by giving the target(s) an opportunity to flee from prosecution and destroy or tamper with evidence.  See 18 U.S.C. § 2705(b) (2), (3), (5).

<u>Request for Sealing Order</u>

14.     In this matter, the government also requests that the instant Application and the Order be filed under seal.  The Court has the inherent power to seal court filings when appropriate, including the 2703(d) Order.  *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).  More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Application and order.  *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).  Because of the potential jeopardy to the present investigation that would result from disclosure of the Application and

order, there exists a compelling governmental interest in confidentiality to justify the

government's sealing request.  *See Robinson*, 935 F.2d at 287-89.

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY
D.C. Bar Number 415793


By: _____/s/_____
MICHAEL J. MARANDO
Assistant United States Attorney
Cyber Unit
555 4th Street, N.W., Room 4235
Washington, D.C.  20530
(202) 252-7068 telephone
(202) 514-6010 facsimile
Michael.Marando@usdoj.gov

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Misc. No. _____ |
| E-mail Account: ███████████ | **Under Seal** |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Yahoo! Inc., an electronic communication service provider and/or a remote computing service located in Sunnyvale, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution and destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b)(2), (3), (5). The Court further finds that the government has established that a compelling governmental interest exists to justify sealing the government's Application and this Order.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Yahoo! Inc. shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

7

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Yahoo! Inc. shall not disclose the existence of the Application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for a period of 180 days or until otherwise authorized to do so by the Court, except that Yahoo Inc. may disclose this Order to an attorney for Yahoo! Inc. for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

_____
HONORABLE DEBORAH A.ROBINSON
UNITED STATES MAGISTRATE JUDGE

_____
Date

CC:    Michael J. Marando
Assistant United States Attorney
Cyber Unit
555 4th Street, N.W., Room 4235
Washington, D.C.  20530
(202) 252-7068 telephone
(202) 514-6010 facsimile
Michael.Marando@usdoj.gov

**ATTACHMENT A**

**I.      The Account(s)**

The Order applies to certain records and information associated with a customer or subscriber account of an email service provided by Yahoo! Inc. located in Sunnyvale, California. The Yahoo! Inc. account is identified as, ███████████████ ("the Account").

**II.      Records and Other Information to Be Disclosed**

Yahoo! Inc. is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period from the inception of the account to the present:

**A.      Information about the customer(s) or subscriber(s) of the Account**

  1.  Names (including subscriber names, user names, and screen names);

  2.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

  3.  Local and long distance telephone connection records;

  4.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

  5.  Length of service (including start date) and types of service utilized;

  6.  Telephone or instrument numbers (including MAC addresses);

  7.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

  8.  Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B.      All records and other information relating to the Account (except the contents of communications), including:**

  1.  Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of

connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header information; and

3. Records of complaints, alerts, fraud, or violations of terms of service relating to the customer or subscriber of the Account (but not including any confidential communications with legal counsel).

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Yahoo! Inc., and my official title is _____. I am a custodian of records for Yahoo! Inc. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Yahoo! Inc., and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a. All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b. Such records were kept in the ordinary course of a regularly conducted business activity of Yahoo Inc.; and

c. Such records were made by Yahoo! Inc. as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____      _____
Date                                 Signature

**FILED**

APR 07 2016

Clerk, U S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

E-mail Account: ███████████████

Case: 1:16-mc-00694
Assigned To : Robinson, Deborah A.
Assign. Date : 4/6/2016
Description: MISC.

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Yahoo! Inc., an electronic communication service provider and/or a remote computing service located in Sunnyvale, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution and destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b)(2), (3), (5). The Court further finds that the government has established that a compelling governmental interest exists to justify sealing the government's Application and this Order.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Yahoo! Inc. shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

(N)

7

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Yahoo! Inc. shall not disclose the existence of the Application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for a period of 180 days or until otherwise authorized to do so by the Court, except that Yahoo Inc. may disclose this Order to an attorney for Yahoo! Inc. for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

HONORABLE DEBORAH A.ROBINSON
UNITED STATES MAGISTRATE JUDGE

April 6, 2016
Date

CC:    Michael J. Marando
Assistant United States Attorney
Cyber Unit
555 4th Street, N.W., Room 4235
Washington, D.C.  20530
(202) 252-7068 telephone
(202) 514-6010 facsimile
Michael.Marando@usdoj.gov

## ATTACHMENT A

**I.      The Account(s)**

The Order applies to certain records and information associated with a customer or subscriber account of an email service provided by Yahoo! Inc. located in Sunnyvale, California. The Yahoo! Inc. account is identified as, ██████████████████████████

**II.      Records and Other Information to Be Disclosed**

Yahoo! Inc. is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period from the inception of the account to the present:

**A.      Information about the customer(s) or subscriber(s) of the Account**

1.      Names (including subscriber names, user names, and screen names);

2.      Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3.      Local and long distance telephone connection records;

4.      Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.      Length of service (including start date) and types of service utilized;

6.      Telephone or instrument numbers (including MAC addresses);

7.      Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8.      Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B.      All records and other information relating to the Account (except the contents of communications), including:**

1.      Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of

connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header information; and

3. Records of complaints, alerts, fraud, or violations of terms of service relating to the customer or subscriber of the Account (but not including any confidential communications with legal counsel).

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Yahoo! Inc., and my official title is _____. I am a custodian of records for Yahoo! Inc. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Yahoo! Inc., and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.  All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.  Such records were kept in the ordinary course of a regularly conducted business activity of Yahoo Inc.; and

c.  Such records were made by Yahoo! Inc. as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____        _____
Date                                    Signature