# ATTACHMENT A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Misc. No. _____ <br><br> **Filed Under Seal** |

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require LinkedIn Corporation ("LinkedIn"), an electronic communications services provider and/or a remote computing service located in Mountain View, California, to disclose certain records and other information pertaining to LinkedIn profile ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as described in Part I of Attachment A to the proposed Order. The items to be disclosed are described in Part II of Attachment A. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1. LinkedIn is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require LinkedIn to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(1)-(2).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The Diplomatic Security Service ("DSS") of the U.S. Department of State is investigating a fraudulent scheme whereby one or more suspects have created email and social media accounts which impersonate certain ▮▮▮▮▮▮▮▮, and have used those accounts to send communications designed to obtain money and/or private information from victims in the countries where those ▮▮▮▮▮▮▮▮▮▮▮ This investigation concerns possible violations of 18 U.S.C. §§ 912 (false personation of federal official or employee) and 1343 (wire fraud). From interviewing witnesses and reviewing various materials, including websites and electronic communications, DSS has learned the following.

5. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ During late ▮▮▮▮▮▮▮▮ received an email that purported to come from ▮▮▮▮▮▮ and that solicited money and personal information. The message was signed with ▮▮▮▮▮▮ ▮▮▮▮▮▮ and indicated that, for further communication, the email recipient should contact him at the email address ▮▮▮▮▮▮▮▮ According to header information, the email originated from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ has confirmed that he never sent this message and that neither email account belongs to him.



2

6. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and the former ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ On the social networking website ▓▓▓▓▓▓, the profile page for ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ has the name ▓▓▓▓▓▓▓▓▓▓ and his photograph. During early ▓▓▓ this profile sent multiple messages to the profile for a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Purporting to come from ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ these messages asked the ▓▓▓▓▓▓▓▓ to wire-transfer money to an individual named ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ never sent those messages, and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ does not belong to him.

7. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ On the professional networking website ▓▓▓▓▓▓▓▓, the profile page at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ has the name ▓▓▓▓▓▓▓▓▓▓ and her photograph, along with information about her employment and education. Shortly after the fraudulent messages from ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ profile contacted multiple individuals associated with the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and solicited various ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ During the same time period, similar communications purporting to come from ▓▓▓▓▓▓▓▓▓ and soliciting ▓▓▓▓▓▓▓▓▓▓▓ were sent from ▓▓▓▓▓ account ▓▓▓▓▓▓▓▓ and the email accounts ▓▓▓▓▓▓▓▓▓▓ and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ never sent these messages, and the ▓▓▓▓▓ do not belong to her.

8. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ profile page at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ has the name ▓▓▓▓▓▓▓ ▓▓▓▓▓▓ and her photograph, along with information about her employment and education. During early ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ received communications

3

from this ▮▮▮ profile purporting to come from ▮▮▮ The messages provided email accounts ▮▮▮ for further communication. ▮▮▮ never sent these messages, and the ▮▮▮ profile and email accounts do not belong to her.

9. ▮▮▮ The ▮▮▮ profile page at ▮▮▮ has the name ▮▮▮ and her photograph, along with information about her employment and education. During early ▮▮▮ ▮▮▮ received communications from this profile and from the email account ▮▮▮ that purported to come from ▮▮▮ and that solicited money. In particular, one individual received emails from ▮▮▮ that requested payment of ▮▮▮ in exchange for ▮▮▮ ▮▮▮ The money was to be paid immediately to an individual named ▮▮▮ never sent these messages, and the ▮▮▮ profile and email account do not belong to her.

10. ▮▮▮ ▮▮▮ profile page at ▮▮▮ has ▮▮▮ name and photograph. During early ▮▮▮ ▮▮▮ received communications from this profile purporting to come from ▮▮▮ According to the messages, ▮▮▮ wanted to ▮▮▮ ▮▮▮ Interested persons were directed to send ▮▮▮ to the email account ▮▮▮ never sent these messages, the

4

███ profile and email account do not belong to him, and the ███████████████ described in the emails does not exist.

### REQUEST FOR ORDER

11.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help the United States to identify and locate the individuals who are responsible for the events described above, and to determine the nature and scope of their activities.  Accordingly, the United States requests that LinkedIn be directed to produce all items described in Part II of Attachment A.

12.     The United States further requests that the Order require LinkedIn not to disclose this application and any resulting order to the subscriber(s) of the account(s) listed in Attachment A or to any other person (except attorneys for LinkedIn for the purpose of receiving legal advice) for a period of 180 days or until further order of the Court.  *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation.  Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates.  *See* 18 U.S.C. § 2705(b)(2), (3),

(5).  Indeed, some evidence in this investigation is stored electronically.  If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

13. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court.  As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

          Respectfully submitted,

          VINCENT H. COHEN, JR.
          Acting United States Attorney
          D.C. Bar Number 471489

By:       /S/      ,
     ALLEN T. O'ROURKE
     Assistant U.S. Attorney
     N.C. Bar Number 38404
     United States Attorney's Office
     555 Fourth Street, N.W., Room 4231
     Washington, D.C.  20530
     (202) 252-7527
     Allen.O'Rourke@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

Misc. No. _____

**Under Seal**

**ORDER**

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring LinkedIn Corporation ("LinkedIn"), an electronic communications services provider and/or a remote computing service located in Mountain View, California, to disclose the items described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that LinkedIn shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that LinkedIn shall not disclose the existence or content of the application of the United States or this Order to the subscriber(s) of the account(s) listed in Attachment A or to any other person (except attorneys

for LinkedIn for the purpose of receiving legal advice) for a period of 180 days or until further order of the Court.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____
HON. G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

_____
Date

**ATTACHMENT A**

I.  **The Account(s)**

The Order applies to certain records and other information associated with LinkedIn profile ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

II. **Records and Other Information to Be Disclosed**

LinkedIn is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period from the inception of the account to the present:

A.  **Information about the customer(s) or subscriber(s) of the Account**

- Names (including subscriber names, user names, and screen names);
- Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);
- Records of session times and durations, including the temporarily assigned network addresses, such as Internet Protocol ("IP") addresses, that are associated with those sessions;
- Length of service (including start date) and types of service utilized;
- Telephone or instrument numbers (including MAC addresses);
- Other subscriber numbers or identities, including IP-address information associated with registration; and
- Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.  **All records and other information relating to the Account (except the contents of communications), including:**

- User activity for each connection made to or from the Account, including log files; the date, time, length, and method of connection; data transfer volume; and source and destination IP addresses;
- Each message, post, or other communication sent or received by the Account, including the date, time, and method of communication; the source and destination of communication (such as account identifiers, email addresses, IP addresses, and telephone numbers); and any subject or other header information associated with the communication; and
- Complaints, alerts, or other indications of fraud, suspicious activity, or violations of terms of service concerning the account or account holder, including any memoranda, notes, files, and any other records related to meetings or discussions about the account or account holder (but not including any confidential communications with legal counsel).

FILED
JUN 30 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Case: 1:15-mc-00842<br>Assigned To : Harvey, G. Michael<br>Assign. Date : 6/29/2015<br>Description: Miscellaneous |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring LinkedIn Corporation ("LinkedIn"), an electronic communications services provider and/or a remote computing service located in Mountain View, California, to disclose the items described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that LinkedIn shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that LinkedIn shall not disclose the existence or content of the application of the United States or this Order to the subscriber(s) of the account(s) listed in Attachment A or to any other person (except attorneys

for LinkedIn for the purpose of receiving legal advice) for a period of 180 days or until further order of the Court.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

June 30, 2015
Date

HON. G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE
**Deborah A. Robinson**
United States Magistrate Judge