# ATTACHMENT A

*Redacted Docket Materials*

FILED
FEB 1 3 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE APPLICATION )
OF THE UNITED STATES OF AMERICA )
FOR AN ORDER AUTHORIZING ) MISC. NO. 09-99
DISCLOSURE OF HISTORICAL CELL )
SITE INFORMATION FOR TELEPHONE )
NUMBER ▮▮▮▮▮ )

<u>APPLICATION FOR DISCLOSURE OF HISTORICAL CELL SITE INFORMATION
PURSUANT TO TITLE 18 U.S.C. SECTION 2703(d)</u>

The United States of America, by and through its counsel, Jeffrey A. Taylor, United States Attorney for the District of Columbia, and Angela G. Schmidt, Assistant United States Attorney, hereby applies to the Court for an Order authorizing T-Mobile USA to disclose subscriber, call detail, and cell site and cell sector information for call history only for telephone number ▮▮▮▮▮ ▮▮▮▮▮ In support of this Application, the United States certifies the following:

1. The Applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure, and therefore, pursuant to 18 U.S.C. § 2703(c)(1) and (d) may apply for an order authorizing the release of historical cell site data and other records, and does so apply for such information. It is believed this information will provide the agents with investigative leads and potential evidence at trial concerning the approximate location of, and contacts made by, targets in the course of their criminal activity. The government only seeks information for cell site data at the time of calls. The

government does not seek data of the phone's whereabouts at all times. Cell site data related to calls is routinely retained by T-Mobile USA as part of call history information for a period of six months. Further, government's counsel has been informed that call-time cell site data is the only data retained by the provider in this case. In other words, this Order is not intended to reach all cell site data for the phone, but only cell site data for the time of actual calls placed or received by the phone.

Section 2703(c)(1) provides in relevant part:

> A government entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber or to a customer of such service (not including the contents of such communications) only when the governmental entity-
> . . .
> (B) obtains a court order for such disclosure under subsection (d) of this section
> . . .
> 18 U.S.C. 2703(c)(1).

Under 2703(d), the government must offer "specific and articulable grounds to believe that the . . . records or other criminal information sought are relevant and material to an ongoing criminal investigation." This standard "requires a showing of a particularized and objective basis for a suspicion of criminal activity." <u>Applications of the United States for Orders Pursuant to Title 18, United States Code, Section 2703(d)</u>, 509 F. Supp. 2d 76, 78, n.2 (D. Mass. 2007), <u>citing</u> <u>United States v. Cortez</u>, 449 U.S. 411, 417-8 (1981).

2

2. The Applicant certifies that the Federal Bureau of Investigation (hereinafter "FBI") is conducting a criminal investigation of ▮▮▮▮▮ the user of the cellular telephone identified above, and ▮▮▮▮▮ in connection with possible violations of federal laws, to include 18 U.S.C. §§ 371, 2113(a),(d) (Conspiracy and Armed Bank Robbery).

3. ▮▮▮▮▮ has been linked through ▮▮▮▮▮

4. ▮▮▮ also is a suspect in another armed robbery of the same ▮▮▮▮▮ who were present during this robbery were present during the ▮▮▮ robbery. These employees each stated that the robber ▮▮▮▮▮ indicated that the robber had ▮▮▮▮▮ Moreover, based on witness descriptions and surveillance video, the robber wore a ▮▮▮▮▮s, in the ▮▮▮

3

▇ robbery. ▇ as well as ▇, were recovered in a search on ▇ ▇ of ▇ shared with ▇ (hereinafter ▇

5. ▇ also is a suspect in the armed robbery on ▇ ▇ of ▇ ▇ That robbery was committed by ▇ ▇ both armed with handguns. The robbery was committed in a similar manner as those described above, in that the ▇ initially ordered a bank employee at gunpoint to open the bank vault. ▇ stated that he did not have the combination, the male suspect instead demanded that ▇ open a teller drawer. Based on witness descriptions and surveillance video, the male suspect is similar to ▇ ▇ The handgun brandished by the male suspect also is similar in color and appearance to one of the handguns recovered during the search of ▇ ▇ Moreover, the male suspect was wearing, among other items, a ▇ A resume for ▇ which also was recovered in the search of his residence, indicates that ▇ previously was employed by ▇ ▇ also was wearing a ▇ ▇ worn by ▇ in the ▇ armed bank robbery.

4

6. ▇▇▇ also is a suspect in the armed robbery of the ▇▇▇ on ▇▇▇. On that date, ▇▇▇ entered the bank, displayed a ▇▇▇ demanded that the bank employees put their hands up, and announced a robbery. The robber then ordered an employee to open the teller drawer and give her money. The suspect placed the money in a shoulder bag, left the bank, and drove away in what a witness described as ▇▇▇ The witness also obtained ▇▇▇ which ▇▇▇ of a ▇▇▇ rented earlier that day at a rental agency located less than two miles from the bank. Based on witness descriptions and surveillance video, the suspect is similar to ▇▇▇ The handgun brandished by the suspect also is similar in color and appearance to one of ▇▇▇ recovered during the search of ▇▇▇

7. ▇▇▇ provided the subject telephone number to a prospective employer in ▇▇▇ and to an employer in ▇▇▇ In toll records for a cellular telephone used by ▇▇▇ the subject telephone number appears frequently between ▇▇▇ and ▇▇▇, including before and after the time of the bank robbery on ▇▇▇, and immediately after the time of the

5

bank robbery on ▆▆▆▆▆▆▆▆. 8. ▆▆▆▆ obtained a new cellular telephone number on or about ▆▆▆▆▆▆

8. The Applicant certifies that the above-described facts provide specific and articulable grounds to believe that the information likely to be obtained from the historical cell site data is relevant and material to the ongoing criminal investigation being conducted by the FBI in that it would yield evidence of the suspect's approximate location and movements on the days of the offenses.[1] Further, the historical cell site data, in conjunction with call detail information, also may assist the FBI in identifying any accomplices to the bank robberies.

9. In <u>Applications of the United States for Orders Pursuant to Title 18, United States Code, Section 2703(d)</u>, 509 F. Supp. 2d 76 (D. Mass. 2007), the District Court granted the government's request for historical cell site information under § 2703 based on a showing of "specific and articulable facts" demonstrating the relevance of the information to a criminal investigation. In so doing, the Court found that "historical cell site information is 'a record or other information pertaining to a subscriber to or customer of' an electronic communications service" within the meaning of § 2703(c)(1), since "[c]ell phone service providers

---

[1] Nothing in this application requests exact location information, triangulation or global tracking information. Nothing in this application requests cell site data for times when the phone was not in use.

6

store data gleaned from the cell towers through which telephone calls are routed." 509 F. Supp. 2d at 79-80. In reaching its decision, the Court also noted that "[a]lthough no published opinion has directly addressed the issue, a number of courts have assumed or implied in *dicta* that disclosure of historical data is proper under the SCA's specific and articulable facts standard." Id. at 79, n.5 (citing cases). But cf., In the Matter of the Application of the United States for an Order Directing a Provider of Electronic Communication Service to Disclose Records to the Government, 534 F. Supp. 2d 585 (W.D. Pa.), *aff'd*, 2008 WL 4191511 (W.D. Pa. Sept. 10, 2008) (denying government's request for historical cell-site information under §2703 absent a showing of probable cause).

10. It is requested that the Court's Order apply not only to the cellular telephone bearing the subject cellular telephone number, but also to any telephone number(s) previously assigned to any instrument bearing the same, changed or additional International Mobile System Identity Number (IMSI) as the subject telephone number, whether the changes occurred consecutively or simultaneously, which were listed to the same subscriber and wireless telephone account number as the subject cellular telephone number between April 1, 2008, and September 30, 2008.

11. It is further requested that the Court's Order apply to the Service Provider, and to any other communications service

7

provider which contracts or otherwise agrees to provide cellular telephone service to a telephone bearing the same telephone number or International Mobile System Identity Number (IMSI) between April 1, 2008, and September 30, 2008 (including any service provider who leases towers to T-Mobile USA).

**WHEREFORE,** it is respectfully requested that the Court grant an order authorizing T-Mobile USA to disclose subscriber and call detail information for telephone number ▮▮▮▮▮▮ for the period from April 1, 2008, through September 30, 2008, and cell site and cell sector information for telephone number ▮▮▮▮▮▮ on August 28 and September 2, 2008.

I certify under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 12th day of February, 2009.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

*Angela Schmidt*
ANGELA G. SCHMIDT
Assistant U.S. Attorney
555 4th Street, NW
Washington, DC 20001
Texas Bar 17764980
202-514-7273
Angela.Schmidt@usdoj.gov

8

FILED
FEB 1 3 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE APPLICATION )
OF THE UNITED STATES OF AMERICA )
FOR AN ORDER AUTHORIZING ) MISC. NO. 09-79
HISTORICAL CELL SITE )
INFORMATION FOR )
TELEPHONE NUMBER ▮▮▮▮▮ )

### ORDER

This matter having come before the Court pursuant to the Government's Application under 18 U.S.C. §§ 2703(c)(1) and (d) by Angela G. Schmidt, an attorney for the government, which Application requests an Order under 18 U.S.C. § 2703(d) authorizing the release of historical cell site information and other records on ▮▮▮▮▮ (hereinafter "subject cellular telephone number"), a cellular telephone, and the Court makes the following findings:

### FINDINGS

**Findings Pursuant to Title 18 U.S.C. Section 2703(d)**

1. The Court finds that the Applicant has certified to the Court that she is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

2. The historical cell site information and other records for the subject cellular telephone, ▮▮▮▮▮ is relevant to an ongoing criminal investigation of possible violations of 18 U.S.C. §§ 371, 2113(a) and (d).

## ORDER

**IT IS ORDERED**, pursuant to 18 U.S.C. § 2703(d), that agents of the Federal Bureau of Investigation (hereinafter "FBI") may obtain from T-Mobile USA (hereinafter "Service Provider") subscriber and call detail information for the subject telephone from ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ as well as all cell site and cell sector information related to actual calls placed and received by the subject telephone on ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ This information should be provided, if possible, in Excel format by electronic mail to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and

**IT IS FURTHER ORDERED**, pursuant to 18 U.S.C. § 2703(c)(1)(B) and (d), that the Service Provider shall furnish to the Agency forthwith all information necessary to accomplish this request; and

**IT IS FURTHER ORDERED**, that this Order shall apply not only to the subject cellular telephone number, but also to any telephone number(s) previously assigned to any instrument bearing the same, changed or additional International Mobile System Identity Number (IMSI) as the subject telephone number, whether the changes occurred consecutively or simultaneously, which were listed to the same subscriber and wireless telephone account number as the subject cellular telephone number between ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇

**IT IS FURTHER ORDERED**, that this Order shall apply to the Service Provider, and to any other service provider which contracts or otherwise agrees to provide cellular telephone service to a telephone bearing the same telephone number and/or International Mobile System Identity Number (IMSI) between ███████████ ███████████

**IT IS FURTHER ORDERED**, that the Service Provider, or any other service provider to whom this Order applies, shall be compensated by the Agency for reasonable expenses incurred in providing technical assistance; and

**SO ORDERED** this 13th day of February, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: AUSA Angela Schmidt