# ATTACHMENT

# A

*Redacted Docket Materials*

**FILED**

SEP 1 8 2013

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

)
IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR ) MISC. NO. __13 - 10 40__
AN ORDER PURSUANT TO )
18 U.S.C. § 2703(d) )
)

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d).  The

proposed Order would require Sprint Corp., a cellular service provider located in Overland Park,

KS, to disclose certain records and other information pertaining to the cellular service account in

the name of [redacted] with phone number [redacted] The records and other information

to be disclosed are described in Attachment A to the proposed Order.  In support of this

application, the United States asserts:

**LEGAL BACKGROUND**

1.       Sprint Corp. is a provider of an electronic communications service, as defined in

18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

Accordingly, the United States may use a court order issued under § 2703(d) to require Sprint

Corp. to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2)

(Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.       This Court has jurisdiction to issue the proposed Order because it is "a court of

competent jurisdiction" as defined in 18 U.S.C. § 2711.  *See* 18 U.S.C. § 2703(d).  Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3.     A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4.     The United States is investigating violations of Title 18, United States Code, Sections 1111 (murder), 1113 (attempted murder), and 1114 (killing or attempted killing of officer or employee of Unite States).



5.     On ████████████████████████ there was a report of an ███████████████████████████████████████, located in ███████ ███████████ First Responders with the Naval Criminal Investigative Services ("NCIS") and D.C. Metropolitan Police Department (the "First Responders") responded to ████████ ███████████ to investigate the reported shooting. Upon arriving, the First Responders discovered multiple victims with visible gunshot wounds throughout ███████ some of whom were dead and some of whom were injured.

6.     NCIS personnel identified a suspected ███████ and exchanged gunfire with that individual inside ███████. Later, members of the D.C. Metropolitan Police

Department's Emergency Response Team arrived at the scene and also exchanged gunfire with

████████████████ In the ensuing gunfire, the male shooter was shot and killed.

7. Special Agents with the FBI's Violent Crimes Task Force came to the scene and scanned the now-deceased ████████████ fingers to obtain his fingerprints. Those fingerprints were then electronically compared against known fingerprints contained in a Criminal Justice Information Services Division database, which resulted in a positive fingerprint comparison to

████████████████████████████████ and a last known address in ████████████

████████████████

8. Through various law enforcement databases, the FBI, in coordination with other law enforcement entities, determined that ██████████████████████████████████

████████████████████████████████████████

9. NCIS members subsequently determined that ████████ had been providing

████████████████████████████ since approximately ████████████████████

██████ It was also determined that █████ was one of ██████████████████████

████████████

10. In connection with ██████████████████████████████████████

██████ had been issued ████████████████████████████████████

████████████████████████████ Further investigation also revealed that ████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

11.     In a search of ███████, law enforcement agents found █████████████ ████████████████████ of that location near ██████████████████████████ ████ and to have been used by him in the shooting.

12.     ████████████████████████████████████ Near his body was a ██████████████████████ also believed to have been used by him in the shooting. ████ ███████████████ was recovered from the crime scene, examined, and determined to be loaded.  Also recovered from the crime scene were ██████████████████████ ███████████████ consistent with ███████ found on the scene and believed to have been used by ████ in the shooting.

13.     To date, the investigation has revealed that the shooting at ███████ resulted in ████████████████████ along with multiple other injured victims.

14.     Law enforcement conducted ████████████████████████████ ████████████████████████ The results of that check showed ████████████████████████████████████ ██████████████████████ It also revealed that cellular telephone number ███████████ belonged to ██████  Interviews conducted of ████████ revealed that he was ██████████████████ He also lived in ██████████████████████ ████ law enforcement requested subscriber and historical cell site records in reference to cellular telephone number ████████ based on exigent circumstances.  The return of that request revealed that cellular telephone number ██████████ belonged to █████████████ █████████████████████

## REQUEST FOR ORDER

15.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help the United States to identify and locate potential accomplices who are responsible for the events described above, and to determine the nature and scope of their activities.  Accordingly, the United States requests that Sprint Corp. be directed to produce all items described in Part II of Attachment A to the proposed Order.

Respectfully submitted,

John D. Crabb
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 252-7769 voice
john.crabb@usdoj.gov

**FILED**

SEP 1 8 2013

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

                                                )
IN RE APPLICATION OF THE                        )
UNITED STATES OF AMERICA FOR                    )    MISC. NO. ____ 13-1040
AN ORDER PURSUANT TO                            )
18 U.S.C. § 2703(d)                             )
                                                )

**ORDER**

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d),

requesting that the Court issue an Order requiring Sprint Corp., an electronic communications

service provider and/or a remote computing service located in Overland Park, KS, to disclose the

records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing

that there are reasonable grounds to believe that the records or other information sought are

relevant and material to an ongoing criminal investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Sprint Corp. shall,

within ten days of the date of this Order, disclose to the United States the records and other

information described in Attachment A to this Order.

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

09/17/13
Date

# ATTACHMENT A

## I.     The Account(s)

The Order applies to certain records and information associated with the cellular service account in the name of ███████ and with phone number ███████

## II.     Records and Other Information to Be Disclosed

Sprint Corp. is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period September 1, 2012, to the present:

     A.     The following information about the customers or subscribers of the Account:

          1.     Names (including subscriber names, user names, and screen names);

          2.     Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

          3.     Local and long distance telephone connection records;

          4.     Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

          5.     Length of service (including start date) and types of service utilized;

          6.     Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

          7.     Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

          8.     Means and source of payment for such service (including any credit card or bank account number) and billing records.

     B.     All records and other information (not including the contents of communications) relating to the Account, including:

          1.     Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

          2.     Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication

(such as source and destination email addresses, IP addresses, and telephone numbers); and

3.   All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Account.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the

laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this declaration is true and correct. I am employed by Sprint Corp., and my official

title is _____. I am a custodian of records for Sprint Corp. I state

that each of the records attached hereto is the original record or a true duplicate of the original

record in the custody of Sprint Corp., and that I am the custodian of the attached records

consisting of _____ (pages/CDs/kilobytes). I further state that:

      a.     all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth, by, or from information transmitted by, a person with

knowledge of those matters;

      b.     such records were kept in the ordinary course of a regularly conducted business

activity of Sprint Corp.; and

      c.     such records were made by Sprint Corp. as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal

Rules of Evidence.


_____     _____

Date                     Signature

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**FILED**

**SEP 19 2013**

Clerk, U.S. District and
Bankruptcy Courts

)
IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR )
AN ORDER PURSUANT TO )
18 U.S.C. § 2703(d) )
)
_____ )

MISC. NO. _____ *13 - 1040*

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The

proposed Order would require Sprint Corp., a cellular service provider located in Overland Park,

KS, to disclose certain records and other information pertaining to the cellular service account in

the name of ▓▓▓▓▓▓ with phone number ▓▓▓▓▓▓ The records and other information

to be disclosed are described in Attachment A to the proposed Order. In support of this

application, the United States asserts:

### LEGAL BACKGROUND

1.       Sprint Corp. is a provider of an electronic communications service, as defined in

18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

Accordingly, the United States may use a court order issued under § 2703(d) to require Sprint

Corp. to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2)

(Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.       This Court has jurisdiction to issue the proposed Order because it is "a court of

competent jurisdiction" as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3.     A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

THE RELEVANT FACTS

4.     The United States is investigating violations of Title 18, United States Code, Sections 1111 (murder), 1113 (attempted murder), and 1114 (killing or attempted killing of officer or employee of Unite States).



5.     On _____ there was a report of an "active shooter" at _____, located in _____ _____ First Responders with the Naval Criminal Investigative Services ("NCIS") and D.C. Metropolitan Police Department (the "First Responders") responded to _____ _____ to investigate the reported shooting. Upon arriving, the First Responders discovered multiple victims with visible gunshot wounds throughout _____ some of whom were dead and some of whom were injured.

6.     NCIS personnel identified a suspected _____ and exchanged gunfire with that individual inside _____ Later, members of the D.C. Metropolitan Police

2

Department's Emergency Response Team arrived at the scene and also exchanged gunfire with ███████████ In the ensuing gunfire, ███████████ was shot and killed.

7.  Special Agents with the FBI's Violent Crimes Task Force came to the scene and scanned the now-deceased ███████████ fingers to obtain his fingerprints. Those fingerprints were then electronically compared against known fingerprints contained in a Criminal Justice Information Services Division database, which resulted in a positive fingerprint comparison to ███████████████████████████ and a last known address in ███████████ ███████████

8.  Through various law enforcement databases, the FBI, in coordination with other law enforcement entities, determined that ███████████████████████ ███████████████████████████████████

9.  NCIS members subsequently determined that ██████ had been providing ███████████████████████ since approximately ███████████████ ██ It was also determined that ████ was one of ███████████████ ███████████

10.  In connection with the ███████████████████████ ████ had been issued ███████████████████████ ███████████████████████ Further investigation also revealed that ███████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████

11.     In a search of ████████ law enforcement agents found ████████ ████████████████████ of that location near ████████████████████ ████ and to have been used by him in the shooting.

12.     ████████████████████████████████ Near his body was a ████████████████ also believed to have been used by him in the shooting. ████████ ████████████ was recovered from the crime scene, examined, and determined to be loaded. Also recovered from the crime scene were ████████████████████ ████████████, consistent with ████████ found on the scene and believed to have been used by ████ in the shooting.

13.     To date, the investigation has revealed that the shooting at ████████ resulted in ████████████████████████ along with multiple other injured victims.

14.     Law enforcement conducted ████████████████████████ ████████████████████████████ The results of that check showed ████████████████████████████████████████ ████████████████████████ It also revealed that cellular telephone number ████████████ belonged to ████ Interviews conducted of ████████ revealed that he was ████████████████ He also lived in ████████████████████ ████ law enforcement requested subscriber and historical cell site records in reference to cellular telephone number ████████ based on exigent circumstances. The return of that request revealed that cellular telephone number ████████ belonged to ████████████ ████████████████

## REQUEST FOR ORDER

15.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help the United States to identify and locate potential accomplices who are responsible for the events described above, and to determine the nature and scope of their activities.  Accordingly, the United States requests that Sprint Corp. be directed to produce all items described in Part II of Attachment A to the proposed Order.

Respectfully submitted,

Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, NW Room 11-824
Washington, D.C. 20530
(202) 252-1794
John.D.Crabb@usdoj.gov

# ATTACHMENT A

## I.  The Account(s)

The Order applies to certain records and information associated with the cellular service account in the name of ⬛⬛⬛⬛⬛ and with phone number ⬛⬛⬛⬛⬛

## II.  Records and Other Information to Be Disclosed

Sprint Corp. is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period September 1, 2012, to the present:

A.  The following information about the customers or subscribers of the Account:

1.  Names (including subscriber names, user names, and screen names);
2.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
3.  Local and long distance telephone connection records;
4.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
5.  Length of service (including start date) and types of service utilized;
6.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));
7.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
8.  Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.  All records and other information (not including the contents of communications) relating to the Account, including:

1.  Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2.  Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication

(such as source and destination email addresses, IP addresses, and telephone numbers); and

3.   All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Account.

4.   All location information available to include per call measurement data (PCMD) for the target telephone number.

**CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)**

I, _____, attest, under penalties of perjury under the

laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this declaration is true and correct. I am employed by Sprint Corp., and my official

title is _____. I am a custodian of records for Sprint Corp. I state

that each of the records attached hereto is the original record or a true duplicate of the original

record in the custody of Sprint Corp., and that I am the custodian of the attached records

consisting of _____ (pages/CDs/kilobytes). I further state that:

a.      all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth, by, or from information transmitted by, a person with

knowledge of those matters;

b.      such records were kept in the ordinary course of a regularly conducted business

activity of Sprint Corp.; and

c.      such records were made by Sprint Corp. as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal

Rules of Evidence.


_____          _____

Date                                                Signature

**FILED**

**SEP 1 9 2013**

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
IN RE APPLICATION OF THE            )
UNITED STATES OF AMERICA FOR        )     MISC. NO. ____  13- 1040
AN ORDER PURSUANT TO                )
18 U.S.C. § 2703(d)                 )
                                    )
_____)

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Sprint Corp., an electronic communications service provider and/or a remote computing service located in Overland Park, KS, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Sprint Corp. shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

9/18/13
Date

In|

## ATTACHMENT A

### I.      The Account(s)

The Order applies to certain records and information associated with the cellular service account in the name of ▮▮▮▮▮▮▮▮ and with phone number ▮▮▮▮▮▮▮▮

### II.      Records and Other Information to Be Disclosed

Sprint Corp. is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period September 1, 2012, to the present:

> A.      The following information about the customers or subscribers of the Account:
>
>> 1.      Names (including subscriber names, user names, and screen names);
>>
>> 2.      Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
>>
>> 3.      Local and long distance telephone connection records;
>>
>> 4.      Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
>>
>> 5.      Length of service (including start date) and types of service utilized;
>>
>> 6.      Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));
>>
>> 7.      Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
>>
>> 8.      Means and source of payment for such service (including any credit card or bank account number) and billing records.
>
> B.      All records and other information (not including the contents of communications) relating to the Account, including:
>
>> 1.      Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;
>>
>> 2.      Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication

(such as source and destination email addresses, IP addresses, and telephone numbers); and

3.     All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Account.

4.     All location information available to include per call measurement data (PCMD) for the target telephone number.