# ATTACHMENT A

*Redacted Docket Materials*

FILED
OCT 17 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

)
IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR ) MISC. NO. __13-1158__
AN ORDER PURSUANT TO )
18 U.S.C. § 2703(d) ) **Filed Under Seal**
_____)

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Cloudflare, an Internet services provider located in San Francisco, CA, to disclose certain records and other information pertaining to the domain ▇▇▇▇▇ as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Cloudflare is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Cloudflare to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being

investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating unauthorized access to computers and the distribution of the Personal Identifying Information, obtained through such unauthorized access, of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The investigation concerns possible violations of, *inter alia*, Title 18, United States Code, Sections 1028, 1028A, 1030 and 1343.

5. In March and April 2013, the Federal Bureau of Investigation verified that the Personal Identifying Information for ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ was unlawfully obtained through misrepresentations and/or unauthorized access to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and then posted on the websites ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ PII released included a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ of the following individuals, among others:



2



6. On or about June 26, 2013, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ was interviewed by FBI agents after the execution of a search warrant upon ▓▓▓▓▓▓▓▓ During the interview, ▓▓▓▓ admitted to participating in the creation of ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and to downloading from ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ published on those websites. ▓▓▓▓ also identified other accomplices with whom

3

he undertook those activities.

7. ███ revealed during the interview that he and his coconspirators utilized the ███ to collect the personal identifying information required to successfully ███ ███ provided FBI agents a digital copy of the backend ███ he had obtained which contained the personal identifying information, such as ███ of numerous United States citizens. ███ informed agents that ███ had obtained a backend copy of the website, at which point they took the site offline and recreated it as ███

8. On August 2, 2013, FBI agents analyzed the ███ recovered from ███ The database contained the following tables:



Preliminary analysis of the database revealed it contained approximately ███ ███. Agents also confirmed that the database

4

tables contained the accurate personal identifying information of the individuals whose PII was published on t[REDACTED]ebsites.

9. On September 24, 2013, [REDACTED] records indicated that the website [REDACTED] is registered with Cloudflare Inc. Representatives of Cloudflare subsequently confirmed this in an email to an FBI agent.

## REQUEST FOR ORDER

10. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Cloudflare be directed to produce all items described in Part II of Attachment A to the proposed Order.

11. Section 2703(c)(1) of Title 18 authorizes this Court to "require a provider of electronic communication service or a remote computing service to disclose *a record or other information* pertaining to a subscriber to or customer of such service (not including the contents of communications)." (emphasis added). Subsection (c)(1) contains no limits to the types of records which the Court may order disclosed, other than that the records may not include the contents of communications. Subsection (c), in pertinent part, also prescribes three means by which the government may seek such records, namely, a warrant, a court order under subsection (d), or a subpoena. *See* 18 U.S.C. § 2703(c)(1)(A), (c)(1)(B), (c)(1)(E), and (c)(2). Subsections 2703(c)(1)(E) and (c)(2) expressly provide that the basic subscriber records sought in part II(A) of Attachment A may be obtained by use of a subpoena, implying quite clearly that other records

5

not specifically delineated in subsection (c)(2) may also be obtained, but only by some other procedure, including a court order under subsection 2703(d). *See also In re ? 2703(d)*, 787 F.Supp.2d 430, 436 (E.D.Va. 2011) (orders issued pursuant to subsection 2703(d) may require production of information additional to the specific records listed in § 2703(c), including, for example, data transfer volume, source and destination Internet Protocol addresses, and correspondence and notes of records related to the accounts), *affirmed*, 830 F.Supp.2d 114 (E.D.Va. 2011), *affirmed*, 707 F.3d 283 (4th Cir. 2013). In the matter of *In re ? 2703(d)*, the Magistrate Judge issued an Order similar to the government's instant proposed Order, compelling the production of, *inter alia*, "All records and other information relating to the account(s)...." *In re Application of the United States of* America, 2010 WL 5545779 (E.D. Va 2010). Based on the authority conferred upon this Court by subsections 2703(c) and (d), which is confirmed by the affirmed decision in the above-cited matter, the government also respectfully requests that the Order require the production of the additional non-content records identified in section II(B) of Attachment A.

12. The United States further requests that the Order require Cloudflare not to notify any person, including the subscribers or customers of the account listed in Part I of Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may

6

alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

13. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

*/s/ Corbin A. Weiss*

Corbin A. Weiss
Special Assistant U.S. Attorney
United States Attorney's Office
555 Fourth Street, N.W., Room 5824
Washington, D.C. 20530
(202) 252-1718 voice
corbin.weiss@usdoj.gov

**FILED**

**OCT 17 2013**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN RE APPLICATION OF THE           )
UNITED STATES OF AMERICA FOR       )    MISC. NO. 13-1158
AN ORDER PURSUANT TO               )
18 U.S.C. § 2703(d)                )
                                   )    **Filed Under Seal**

ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Cloudflare, an electronic communications services provider and/or a remote computing service located in San Francisco, CA, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Cloudflare shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Cloudflare shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, unless and



until otherwise authorized to do so by the Court, except that Cloudflare may disclose this Order to an attorney for Cloudflare for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____
HON. DEBORAH A. ROBINSON
UNITED STATES MAGISTRATE JUDGE

October 17, 2013
Date

2

# ATTACHMENT A

I.  **The Account(s)**

The Order applies to certain records and information associated with the website and account ▓▓▓▓ for which Cloudflare provides proxy services.

II. **Records and Other Information to Be Disclosed**

Cloudflare is required to disclose the following records and other information, if available, to the United States for the account or identifier listed in Part I of this Attachment ("Account"), for the time period inception of the account to present:

- A.  The following information about the customers or subscribers of the Account:

    (1) names;
    (2) addresses;
    (3) local and long distance telephone connection records, or records of session times and durations;
    (4) length of service (including start date) and types of service utilized;
    (5) telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and
    (6) means and source of payment for such service (including any credit card or bank account number).

- B.  All other records and other information (not including the contents of communications) relating to the Account, including:

    1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

    2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

    3. Operating System and Browser used to conduct management of the site.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Cloudflare, and my official title is _____. I am a custodian of records for Cloudflare. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Cloudflare, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.     all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.     such records were kept in the ordinary course of a regularly conducted business activity of [Cloudflare]; and

    c.     such records were made by Cloudflare as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____       _____
Date      Signature