# ATTACHMENT A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 15 2013
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR ) <br> AN ORDER PURSUANT TO ) <br> 18 U.S.C. § 2703(d) ) <br> FOR INFORMATION ASSOCIATED WITH ) <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ) | MISC. NO. 13-1286 <br><br> **FILED UNDER SEAL** |

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google, Inc. ("Google"), an Internet service provider located at 1600 Amphitheatre Parkway Mountain View, CA 94043, to disclose certain records and other information pertaining to the email account identified as ▮▮▮▮▮▮▮▮▮▮▮ as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1. Google is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Google, to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States, specifically the Department of Homeland Security, Homeland Security Investigations ("HSI"), is investigating potential criminal violations of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C §§ 1701-1706, the Iranian Transactions Regulations ("ITR"), 31 C.F.R. §§ 560.203 and 560.204, as well as an ongoing criminal conspiracy to commit these offenses, 18 U.S.C. § 371.

5. From September through December 2012, an investigation by HSI revealed that from in or around March 2011 through in or around December 22, 2012, ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ engaged in a scheme to illegally acquire and export U.S.-origin goods ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ for delivery to end-users in ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ ▊▊▊▊▊▊▊▊▊ without first obtaining a license or approval from the U.S. Department of the Treasury and U.S. Department of State.

2

███████████████████████████

7. On or about December 22, 2012, ███████ traveled via ███████ ███████ to meet another individual ███████ believed was also engaged in the unlawful export of U.S.-origin goods to ███████████████████████████

8. At the time of his arrest, ███████ was in possession of ███████ telephone. That telephone was seized incident to ███████ and subsequently searched pursuant to a duly-authorized search warrant issued by a United States Magistrate Judge in ███████. The search of the cellular telephone revealed, among other things, the contact name and number ███████ Text messages exchanged between ███████ and "███████ indicate that in November 2012, a person associated with ███████ traveled to ██ and met with ███████

9. In October 2013, ███████ obtained the registrant information for the phone number corresponding with ███████ The registrant information, cross-referenced with open source records, demonstrated that the phone number's subscriber is ███████ and that ███████████████████████████ Upon further investigation, ██ determined that ███████ has received approximately ███████ consisting of approximately ███████ ██ from the U.S. ███████ A review of ███████ accessible website states that the company ███████████████████████████

3



10. The records sought by this application are relevant and material to determine if ▮ or other individuals associated with ▮ utilize the company e-mail account ▮ to communicate with ▮ in furtherance of the unlawful export of U.S.-origin goods to ▮ in violation of the IEEPA and ITR. They are also relevant and material to identify other potential coconspirators that ▮ or other individuals associated with ▮ have contacted in furtherance of their suspected unlawful activities.

## REQUEST FOR ORDER

11. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to determine the nature and scope of their activities and contact. Accordingly, the United States requests that Google be directed to produce all items described in Part II of Attachment A to the proposed Order.

12. The United States further requests that the Order require Google not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation

4

that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subject under investigation could destroy that evidence, including information saved to their personal computers.

13. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

                                                  Respectfully submitted,

                                                  RONALD C. MACHEN JR.
                                                  UNITED STATES ATTORNEY
                                                  D.C. Bar Number 447889

By: _____
                                                  T. PATRICK MARTIN
                                                  Assistant United States Attorney
                                                  National Security Section
                                                  D.C. Bar No. 471965
                                                  555 Fourth Street NW, Room 11-439
                                                  Washington, D.C. 20530
                                                  (202) 252-7398
                                                  Thomas.Martin@usdoj.gov

**FILED**
**NOV 18 2013**
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE ) 
UNITED STATES OF AMERICA FOR ) MISC. NO. 13-1286
AN ORDER PURSUANT TO )
18 U.S.C. § 2703(d) ) **UNDER SEAL**
FOR INFORMATION ASSOCIATED WITH )
███████████████████████████████████ )

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google, Inc. ("Google"), an electronic communications service provider and/or a remote computing service located at 1600 Amphitheatre Parkway Mountain View, CA 94043, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, under 18 U.S.C. § 2705(b) that Google shall not disclose the existence of the application of the United States, or the existence of this Order of the Court,

to the subscribers of the account(s) listed in Attachment A, or to any other person, unless and until otherwise authorized to do so by the Court, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED, that the application and this Order are sealed until otherwise ordered by the Court.

_____
United States Magistrate Judge

11-15-13
Date

# ATTACHMENT A

**I.     The Account(s)**

The Order applies to certain records and information associated with the following email account: ▮

**II.     Records and Other Information to Be Disclosed**

Google is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period September 1, 2012, to the present:

    A.    The following information about the customers or subscribers of the Account:

        1.    Names (including subscriber names, user names, and screen names);
        2.    Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);
        3.    Local and long distance telephone connection records;
        4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
        5.    Length of service (including start date) and types of service utilized;
        6.    Telephone or instrument numbers (including MAC addresses). Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
        8.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

    B.    All records and other information (not including the contents of communications) relating to the Account, including:

        1.    Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;
        2.    Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Google, Inc. and my official title is _____. I am a custodian of records for Google, Inc. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Google, Inc., and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b. such records were kept in the ordinary course of a regularly conducted business activity of Google, Inc., and

c. such records were made by Google, Inc., as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____  _____
Date                              Signature