# ATTACHMENT A

*Redacted Docket Materials*

**FILED**

MAY 19 2014

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR ) MISC. NO. 14-506
AN ORDER PURSUANT TO )
18 U.S.C. § 2703(d) ) **Filed Under Seal**
)

### AMENDED APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Comcast Communications LLC. "Comcast", an Internet Service Provider located in Moorestown, NJ, to disclose certain records and other information pertaining to the email account(s) ███████████.

The records and other information to be disclosed are described in Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1. Comcast is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Comcast to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States Attorney's Office for the District of Columbia and the Federal Bureau of Investigation are investigating the gathering, transmitting or losing defense information. The investigation concerns possible violations of, 18 U.S.C. § 793(d).

5. In March 2014, the Federal Bureau of Investigation, Washington Field Office, received information that a federal government employee, Person A, with a security clearance passed a classified document to another government employee, Person B, who also had a security clearance. Person A asked Person B to pass the document marked with a SECRET//NOFORN header and footer, to Person C. Person B was interviewed and stated that he knew Person C's ▮▮▮▮▮▮▮▮▮▮ and he was not aware of the actual clearance of Person C. Person B further admitted to allowing Person C ▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮

6. ▮▮▮▮▮▮▮▮▮▮ assigned to a counter intelligence squad that specifically handles ▮▮▮▮▮▮▮▮▮▮ would swear to the facts alleged in this application.

2

Based on ▮ personal experience, individuals attempting to subvert criminal activities will tend to use alternative means of communications to include multiple email accounts. In this particular case the investigation has shown that Person A and Person B have discussed attempting to destroy possible evidence of the disclosure which would violate federal law. Based on this discussion, ▮ believes the individuals involved are likely using personal email accounts.

7. Investigation revealed that Person B knowingly gave Person C access to the classified document. Further investigation revealed that Person A and Person C communicated via official and personal email accounts. Person A, using his official government email account, provided Person C with his personal email account ▮▮▮▮▮ Person A has received emails on his personal account and forwarded them to his work email. Person C has also sent emails from his personal email account to Person A's work account. Person A is also associated with the email account ▮▮▮▮▮

8. Person B is associated with the following email accounts: ▮▮▮▮▮ Investigation has revealed that on approximately ▮ different occasions, Person B facilitated Person C's access to ▮▮▮▮▮ The requested records may show ▮▮▮▮▮ ▮ The requested records are relevant and material to the ongoing investigation as they will show ▮▮▮▮▮

▮▮▮▮▮

3

## REQUEST FOR ORDER

9. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Comcast be directed to produce all items described in Part II of Attachment A to the proposed Order.

10. The United States further requests that the Order require Comcast not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is

4

stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

11. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Ronald C. Machen Jr.
UNITED STATES ATTORNEY
DC Bar No. 447889

*Brenda J. Johnson/[initials]*

Brenda J. Johnson
Assistant United States Attorney
DC. Bar No. 370737
National Security Section
555 Fourth Street, NW
Washington, D.C. 20530
(202) 252-7801
Brenda.Johnson@usdoj.gov

May 15, 2014

5

Case 1:24-sc-00506-AKA SEALED Document 1 Filed 02/15/24 Page 7 of 10
Case 1:14-mc-00506-JMF Document 2 Filed 05/29/14 Page 1 of 4
MAY 19 2014
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR ) <br> AN ORDER PURSUANT TO ) <br> 18 U.S.C. § 2703(d) ) <br> ) | MISC. NO. 14-506 <br><br> **Filed Under Seal** |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Comcast, an electronic communications service provider and/or a remote computing service located in Moorestown, NJ, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Comcast shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED that Comcast shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account(s) listed in Attachment A, or to any other person, unless and until otherwise

authorized to do so by the Court, except that Comcast may disclose this Order to an attorney for Comcast for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____
United States Magistrate Judge
ALAN KAY

5-19-2014
Date

# ATTACHMENT A

## I. The Account(s)

The Order applies to certain records and information associated with the following email account(s): ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## II. Records and Other Information to Be Disclosed

Comcast is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period, May 1, 2012 through May 31, 2013:

    A.    The following information about the customers or subscribers of the Account:

        1. Names (including subscriber names, user names, and screen names);
        2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
        3. Local and long distance telephone connection records;
        4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
        5. Length of service (including start date) and types of service utilized;
        6. Telephone or instrument numbers (including MAC addresses);
        7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
        8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

    B.    All records and other information (not including the contents of communications) relating to the Account, including:

        1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

        2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Comcast, and my official title is _____. I am a custodian of records for Comcast. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Comcast, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.    such records were kept in the ordinary course of a regularly conducted business activity of Comcast; and

    c.    such records were made by Comcast as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____    _____
Date    Signature