# ATTACHMENT A

*Redacted Docket Materials*

**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JUL - 1 2014

Clerk, U.S. District and
Bankruptcy Courts

)
IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR ) MISC. NO. ___ 14-675
AN ORDER PURSUANT TO )
18 U.S.C. § 2703(d) )
RE: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ )

Filed Under Seal

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require **Yahoo!, Inc., 701 First Avenue, Sunnyvale, California 94089** an Internet service provider, ("Yahoo" or the "Service Provider"), to disclose certain records and other information pertaining to e-mail account ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (the "SUBJECT ACCOUNT"),[1] as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1. The Service Provider is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. §



2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require the Service Provider to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a District Court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i) and 18 U.S.C. §§ 3237 and 3238.

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## APPLICABLE UNITED STATES LAW

4. As discussed more fully below, the Federal Bureau of Investigation ("FBI") ▇▇▇▇▇▇ is conducting an on-going investigation of a criminal enterprise comprised of persons who are involved with the unlawful export and attempted export of U.S.-origin goods to an embargoed country, that is, ▇▇▇

5. The investigation concerns possible violations of, <u>inter alia</u>, the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1705, the Iranian Transactions and

2

Sanctions Regulations ("ITSR"), 31 C.F.R, §§ 560.203 and 560.204, and an ongoing criminal conspiracy to commit these offenses, 18 U.S.C. § 371, in the District of Columbia and elsewhere.

6. The criminal investigation is focused on ▇ "procurement network" facilitated by ▇ seeking to purchase a range of U.S. manufactured products for export to ▇ including certain ▇ that have known applications and uses in ▇ Such networks feature ▇ seeking to obtain U.S. manufactured materials through third parties with access to U.S. goods who are willing to illegally cause the export of these goods to ▇ often by diversion, transshipment or re-export of these goods through one or more countries prior to delivery to ▇

7. As part of the investigation of ▇ on ▇, United States Magistrate Judge Mary W. Rowland, of the United States District Court for the Northern District of Illinois, issued a warrant to search an e-mail account associated with ▇ ▇ A review of the e-mail communications and messages provided by Yahoo in response to the June 12, 2013, Search Warrant resulted in the identification of approximately ▇ e-mail communications sent between ▇ and the SUBJECT ACCOUNT, between April 2008 and September 2012. Many of these e-mail communications consisted of ▇ requesting and receiving quotations for different types of ▇ ▇ from the user of the SUBJECT ACCOUNT.

8. Law enforcement agents have informed the undersigned that they have determined that the SUBJECT ACCOUNT e-mail account was being used by an individual identified as ▇ who owns or otherwise is employed by ▇

3

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ As recently as March 21, 2014, law enforcement conducted multiple open source searches and identified a profile for ▇▇▇▇▇▇▇▇ which listed ▇▇▇ current position as ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and as the previous owner of a company identified as ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Law enforcement also located ▇▇▇ Facebook profile at web address ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ which listed his contact information website address as ▇▇▇▇▇▇▇.

9. The review of the e-mail communications provided by Yahoo in response to the ▇▇▇▇▇, Search Warrant revealed that ▇▇▇ sent an e-mail on or about August 28, 2008, to ▇▇ via the SUBJECT ACCOUNT wherein ▇▇ states: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In the next e-mail in the same e-mail chain, which is dated June 18, 2012, ▇▇▇ states ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

10. On August 27, 2012, ▇▇▇ sent ▇▇▇ an e-mail, via the SUBJECT ACCOUNT account, wherein he proposed that he and ▇▇ enter into a ▇▇▇▇▇▇▇▇▇▇▇▇▇ proposed that ▇▇ would act as ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ further offered to provide ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.



4

████████████████████████████████ The FBI case agent responsible for this investigation has informed the undersigned that he understands the latter phrase to be an offer by ████ to act as an intermediary between ████ and ████████ to solve any end-user application issues, and to provide any ████████████ ████████████████ documents needed for shipments made pursuant to the proposed arrangement. ████ further stated in the e-mail that ████████████████ ████████████████████ The case agent believes that ████ use of the phrase ████████████ in the August 27, 2012 e-mail is a specific reference to those products that are manufactured in the U.S. and which would otherwise be prohibited by U.S. law from being exported from the U.S. to ████ without an export license being issued by OFAC. The case agent believes that ████ was offering to serve as a front company for ████ who would, in turn, falsely claim or represent to U.S. manufactures that ████████████████ ████████████ was the purported end user of the U.S.-origin goods to be exported. The case agent knows that end-user information is often falsified by co-conspirators involved in ████ procurement networks in order to conceal the name of the actual end-user and end-use destination of U.S. products from U.S. companies and law enforcement, and that intermediaries in such procurement networks, like ████████████████ are willing, in exchange for financial compensation, to provide false end-user information to U.S. companies and to transship products from those companies to ████ via third countries.

11. On October 17, 2012, a purchasing agent ████████████████████ submitted to a U.S. Company ("U.S. Company A") a purchase order for ████████████████████ ████████████████████ On or about October 18, 2012, U.S. Company A acknowledged

████████████████████████████████████████████████████

5

receipt of the ▮ order and requested additional information including identification of the end-user, the end-use and the final destination for the items being purchased. In response, on or about October 18, 2012, the ▮ purchasing agent provided U.S. Company A with the following information in support of ▮ order:

▮

12. Law enforcement learned via communications with U.S. Company A that on November 16, 2012, ▮ types of ▮ that were the subject of purchase ▮ were exported from the U.S. to ▮. The Shipper's Export Declaration filed in relation to this export identified ▮ as the ultimate consignee of the shipment, and ▮ as the country of ultimate destination.

13. On June 12, 2013, a FBI Special Agent observed ▮ in the ▮ containing the ▮ exported from the United States on November 16, 2012. The shipping labels on ▮ identified U.S. Company A's company name at the top of the label, and ▮ and purchase order number, ▮ in the "Order Info" section of the label. The shipping labels on ▮ also reflected purchase ▮ and a product description, product specifications, and quantity that matched the product description, product specifications, and quantity of purchase order number ▮

14. On June 13, 2013, a FBI Special Agent obtained shipping information regarding ▮ The shipping information stated

6

that ▮▮▮ were on ▮▮▮ with a port of loading listed as ▮▮▮, and a port of discharge listed as ▮▮▮. The shipper for ▮▮▮ was listed as ▮▮▮ and the consignee listed as ▮▮▮.

15. In an April 29, 2014 recorded phone interview, ▮▮▮ stated this order of U.S.-origin ▮▮▮ was made on ▮▮▮.

16. The case agent knows that proliferators commonly use multiple e-mail accounts in the illicit procurement of U.S.-origin goods when communicating with different entities and individuals inside and outside of their illicit procurement network in order to conceal details of their procurement activities, actual end-user and end-use destination information, to circumvent U.S. export laws and licensing requirements, and to evade law enforcement detentions and seizures.

17. On or about February 26, 2013, Yahoo provided law enforcement information indicating that SUBJECT ACCOUNT was created on October 14, 2005 at 01:06:15 (GMT) by an individual identified as ▮▮▮.

18. Account holder information provided by Yahoo also identified two alternate e-mail accounts for SUBJECT ACCOUNT : ▮▮▮ ▮▮▮.

19. Additionally, most of the e-mails identified in paragraph 7 that were sent to ▮▮▮ at the SUBJECT ACCOUNT are signed by ▮▮▮. Many of these e-mails contain a signature block which reflects ▮▮▮ business affiliation to ▮▮▮ and/or variations of his company's name and address. One such signature block example would be:

7



## REQUEST FOR ORDER

20. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individuals who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that the Service Provider be directed to produce all items described in Part II of Attachment A to the proposed Order.

21. Section 2703(c)(1) of Title 18 authorizes this Court to "require a provider of electronic communication service or a remote computing service to disclose *a record or other information* pertaining to a subscriber to or customer of such service (not including the contents of communications)" (emphasis added). Subsection (c)(1) contains no limits to the types of records which the Court may order disclosed, other than that the records may not include the contents of communications. Subsection (c), in pertinent part, also prescribes three means by which the government may seek such records, namely, a warrant, a court order under

subsection (d), or a subpoena. *See* 18 U.S.C. § 2703(c)(1)(A), (c)(1)(B), (c)(1)(E), and (c)(2). Subsections 2703(c)(1)(E) and (c)(2) expressly provide that the basic subscriber records sought in part II(A) of Attachment A may be obtained by use of a subpoena, implying quite clearly that other records not specifically delineated in subsection (c)(2) may also be obtained, but only by some other procedure, including a court order under subsection 2703(d). *See also In re ? 2703(d)*, 787 F.Supp.2d 430, 436 (E.D.Va. 2011) (orders issued pursuant to subsection 2703(d) may require production of information additional to the specific records listed in § 2703(c), including, for example, data transfer volume, source and destination Internet Protocol addresses, and correspondence and notes of records related to the accounts), *affirmed*, 830 F.Supp.2d 114 (E.D.Va. 2011), *affirmed*, 707 F.3d 283 (4th Cir. 2013). In the matter of *In re ? 2703(d)*, the Magistrate Judge issued an Order similar to the government's instant proposed Order, compelling the production of, *inter alia*, "All records and other information relating to the account(s)...." *In re Application of the United States of America*, 2010 WL 5545779 (E.D. Va. 2010). Based on the authority conferred upon this Court by subsections 2703(c) and (d), which is confirmed by the affirmed decision in the above-cited matter, the government also respectfully requests that the Order require the production of the additional non-content records identified in section II(B) of Attachment A.

22. The United States further requests that the Order require the Service Provider not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for 180 days unless further ordered by the Court. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems

9

appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is not public. Further, while ▬ is aware of the investigation of ▬ the government has no information that ▬ is aware that he also is the subject of this investigation. Further, the government has no reason to believe that ▬ is aware that the government is seeking, through legal process, to obtained information relevant to this investigation from the SUBJECT ACCOUNT. Some of the evidence in this investigation is stored electronically. If so alerted, the subjects under investigation could destroy that evidence, including information saved to the SUBJECT ACCOUNT. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, or change patterns of behavior. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

23. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar Number 447889

By: *[signature]*

G. MICHAEL HARVEY
Assistant United States Attorney
D.C. Bar Number 447-465
National Security Section
United States Attorney's Office
555 4th Street, N.W., Room 11-858
Washington, D.C. 20530
Phone: (202) 252-7810
Michael.Harvey2@usdoj.gov

*[signature]*

WILLIAM MACKIE
Trial Attorney
North Carolina Bar Number 13816
Counterespionage Section
U.S. Department of Justice
600 E Street, N.W.
Washington, D.C. 20530
Phone: (202) 233-2122
Will.Mackie@usdoj.gov

Filed: July ___, 2014

11

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR ) MISC. NO. 14-675
AN ORDER PURSUANT TO )
18 U.S.C. § 2703(d) ) Filed Under Seal
RE: ▮ )

**FILED**

JUL -2 2014

Clerk, U.S. District and
Bankruptcy Courts

### ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring **Yahoo! Inc., 701 First Avenue, Sunnyvale, CA 94089**, Internet service provider, (the "Service Provider"), to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, or change patterns of behavior. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that the Service Provider shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that the Service Provider shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for

(N)

180 days unless further ordered by the Court, except that the Service Provider may disclose this Order to an attorney for the Service Provider for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

July 2, 2014
Date

United States Magistrate Judge
**Deborah A. Robinson**
United States Magistrate Judge

Copies:

G. Michael Harvey
Assistant United States Attorney
National Security Section
United States Attorney's Office
555 4th Street, N.W., Room 11-858
Washington, D.C. 20530

William Mackie
Trial Attorney
Counterespionage Section
U.S. Department of Justice
600 E Street, N.W.
Washington, D.C. 20530

2

# ATTACHMENT A

## I. The Account

The Order applies to certain records and information associated with the following e-mail account:

███████████

███████████

## II. Records and Other Information to Be Disclosed

The Service Provider is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period August 1, 2008 to present:

    A.    The following information about the customers or subscribers of the Account:

1. Names (including subscriber names, user names, and screen names);
2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
3. Local and long distance telephone connection records;
4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
5. Length of service (including start date) and types of service utilized;
6. Telephone or instrument numbers (including MAC addresses;
7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.  All records and other information (not including the contents of communications) relating to the Account, including:

1.  Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and

2.  Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination e-mail addresses, IP addresses, and telephone numbers).

C.  The Service Provider shall produce the information to:



2

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by **Yahoo! Inc. ("Yahoo")**, and my official title is _____. I am a custodian of records for **Yahoo**. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of **Yahoo** and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.    such records were kept in the ordinary course of a regularly conducted business activity of **Yahoo** and

    c.    such records were made by **Yahoo** as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____    _____
Date    Signature