# ATTACHMENT

# A

*Redacted Docket Materials*

FILED
NOV - 4 2014
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR ) Misc. No. 14-1249
AN ORDER PURSUANT TO )
18 U.S.C. § 2703(d) ) **Filed Under Seal**
)

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google, Inc. ("Google"), an Internet Service Provider located in Mountain View, CA, to disclose certain records and other information pertaining to the email account ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

The records and other information to be disclosed are described in Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Google is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Google to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating exporting goods to Iran without a license, and conspiracy to do same; and smuggling goods from the U.S., and conspiracy to do same. The investigation concerns possible violations of Iranian Transaction and Sanctions Regulations ("ITSR"), 31 C.F.R. §§ 560.101–560.803; the Export Administration Regulations ("EAR"), 15 CFR §§ 730, *et. seq.*; and the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701-1706.

5. The U.S. Attorney's Office for the District of Columbia, Homeland Security Investigations ("HSI") ▮▮▮▮▮▮ and the U.S. Department of Commerce, Office of Export Enforcement is conducting a criminal investigation of ▮▮▮▮▮▮ ▮▮▮▮▮▮ and others who have violated U.S. criminal laws, including conspiracy to defraud the United States, IEEPA violations, EAR violations ITSR violations, and international money laundering violations. ▮▮▮▮▮▮ is owned by ▮▮▮▮▮▮ is a trading company dealing in ▮▮▮▮▮▮

2



████████████████████████ to a variety of commercial customers in ██████ and elsewhere within ████████████████ also maintains offices in ████████ ████████████████████████████████████████████ ████ utilizes ████████████ to obtain ████████████ from the United States.

6. A review of toll records and work e-mail accounts has shown ████████████████ being utilized by ██████ to communicate with other co-conspirators. The requested records are relevant and material to the ongoing investigation as they will show frequency of communication between the individuals as well as possibly pointing the investigation to specific dates and times for meetings.

## REQUEST FOR ORDER

7. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Google be directed to produce all items described in Part II of Attachment A to the proposed Order.

8. The United States further requests that the Order require Google not to notify any person, including the subscribers or customers of the account listed in Part I of Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of

the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

9. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar No. 447889

By: *Brenda J. Johnson/KG*
Brenda J. Johnson
Assistant United States Attorney
D.C. Bar No. 370737
National Security Section
555 Fourth Street NW
Washington, D.C. 20530
(202) 252-7801
Brenda.Johnson@usdoj.gov

November 4, 2014

4

Case 1:14-sc-02499-AK   Document 2   Filed 12/10/14   Page 6 of 9

**FILED**
**NOV - 4 2014**
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE            )
UNITED STATES OF AMERICA FOR        )   Misc. No. ___14-1249
AN ORDER PURSUANT TO                )
18 U.S.C. § 2703(d)                 )
                                    )   **Filed Under Seal**

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google, Inc. ("Google"), an electronic communications service provider and/or a remote computing service located in Mountain View, CA, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED that Google shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, unless and until otherwise authorized

to do so by the Court, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____
ALAN KAY
United States Magistrate Judge

11-04-2014
Date

# ATTACHMENT A

## I. The Account

The Order applies to certain records and information associated with the following email account: ███████

## II. Records and Other Information to Be Disclosed

Google is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period, 1/1/2013 through PRESENT:

- A. The following information about the customers or subscribers of the Account:

  1. Names (including subscriber names, user names, and screen names);
  2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
  3. Local and long distance telephone connection records;
  4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
  5. Length of service (including start date) and types of service utilized;
  6. Telephone or instrument numbers (including MAC addresses);
  7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
  8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

- B. All records and other information (not including the contents of communications) relating to the Account, including:

  1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

  2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Google, and my official title is _____. I am a custodian of records for Google. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Google, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b. such records were kept in the ordinary course of a regularly conducted business activity of Google; and

    c. such records were made by Google as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____       _____
Date                                            Signature